Strafford,
Dec. 2, 1941. } No. 3268.

FREDERICK W. MICHAEL, *Adm'r v.* WALTER J. ROBERTS.

*Normandin & Normandin (Mr. Fortunat A. Normandin* orally), for the plaintiff.

*Demond, Sulloway, Piper & Jones (Mr. Piper* orally), for the defendant.

BRANCH, J.   The defendant testified that in cases where there is bleeding after a tonsilectomy "you've got to give your attention to it."   Basing his case upon his statement of a surgeon's duty, the plaintiff says that he is entitled to recover because of the defendant's "negligent failure to give proper care and attention following the operation."   If a finding that the defendant was at fault might be made upon the evidence that he undertook another operation immediately after the plaintiff's operation was completed so that he was unable to respond to the first three calls made by the nurse, and second in responding to a call outside the city soon after the plaintiff had been treated the second time, the plaintiff's case nevertheless fails because the evidence does not establish a causal connection between these alleged acts of neglect and the patient's death.

The immediate cause of Mrs. Michael's death was a pulmonary embolism.   The evidence permits of no other conclusion.   An embolism was described in the testimony as a foreign body, such as a blood clot, which finds its way into the blood stream and goes "whirling through the circulation" until it strikes a blood vessel too small to permit its passage and plugs it.   In the case of a pulmonary embolism this results in a condition sometimes called "internal suffocation" and the patient dies.   The defendant testified that there is "no way known to the medical profession to anticipate or prevent an embolism."   The plaintiff, on the other hand, produced testimony that it was "the continued bleeding from the operation which brought about the embolism" and argues that the prolonged period of bleed-

ing disclosed by the evidence might have been avoided if the defendant had given Mrs. Michael adequate attention. There is no basis in the evidence, however, for a finding that the embolism in question had started prior to the second operation. Mrs. Michael left the operating room after that operation with the bleeding completely stopped and generally in fair condition. Any evidence of negligence prior to that time may, therefore, be dismissed as non-causal.

At 1:15 the patient began to spit "bright red blood" and the defendant gave as his opinion that "that's when she probably had the start of her embolism." He further testified as follows: "Q. Assuming that she did die from an embolism, is there anything in your judgment that anybody could have done to have prevented it? A. Absolutely not." This was a question upon which the uninformed judgment of the jury was worthless and expert testimony was essential. *April* v. *Peront*, 88 N. H. 309. The defendant's testimony was the only evidence in the case upon this point and must be accepted as true. It is obviously fatal to the plaintiff's contention that Mrs. Michael's death was due to neglect following the second operation.

Dr. Domizio Costa, a surgeon residing in Revere, Massachusetts, was called by the plaintiff as an expert and was asked certain questions as to the propriety of the treatment in this case and the possibility of other treatment. These questions were excluded by the Presiding Justice as a matter of discretion, subject to the plaintiff's exception. It cannot be said as a matter of law that there was error in these rulings. Although Dr. Costa resided in Revere, Massachusetts, a city on the evidence comparable in size to Rochester, he testified that his practice was largely in Boston, and it was properly to be found that he was really a Boston surgeon. Since "a person who holds himself out as practicing a particular profession is only required to possess the knowledge and to exercise the care and skill of the ordinary practitioner of that profession in the same place or in similar localities," (*April* v. *Peront*, 88 N. H. 309) the opinion of a Boston surgeon as to what Dr. Roberts might or ought to have done was not receivable.

*Judgment for the defendant.*

BURQUE, J., did not sit: the others concurred.