EDITH N. DEVINE, Individually, and as temporary adminis-tratrix of the Estate of CHARLES ARTHUR DEVINE, Deceased, Plaintiffs-Appellants, *v.* THE QUEEN'S MEDICAL CENTER; EDWARD L. CHESNE, M.D.; and RICHARD T. MAMIYA, M.D., Defendants-Appellees

NO. 5951

FEBRUARY 28, 1978

RICHARDSON, C.J., KOBAYASHI, MENOR, AND KIDWELL, JJ., AND CIRCUIT JUDGE CHANG IN PLACE OF OGATA, J., RECUSED

*Per Curiam.* This is an action for medical malpractice. The plaintiff is the widow of Charles Arthur Devine, deceased. After completion of discovery proceedings, the defendants moved for summary judgment. The trial court granted the motion and ordered the entry of judgment for the defendants. The plantiff appeals.

Mr. Devine was admitted to Queen's Medical Center for a coronary angiography which was performed by Dr. Chesne. Bypass surgery was recommended and this was performed by Dr. Mamiya, with Dr. Chesne assisting. Mr. Devine was placed in the surgical intensive care unit following the operation, but a few days later he was moved to a secondary cardiac surgical care facility located in that part of the hospital known as "Kam II Pediatrics." This transfer was authorized by both Dr. Chesne and Dr. Mamiya. Mr. Devine died two days later as a result of a pulmonary embolism.

The plaintiff does not complain of the pre-operative diagnosis and treatment of her decedent or of the bypass surgery itself. The substance of her malpractice claim is "that the placing of a seriously ill cardiac patient in a general hospital room lacking proper facilities or no facilities for the cardiac monitoring of said patient and in a room not equipped with standard hospital emergency equipment was contrary to the accepted medical practice in the medical community as and for the management, control and treatment of cardiac patients and constituted negligent handling, treatment, management, and caring for said patient by the Defendants and each of them."

No expert medical testimony was offered by the plaintiff to support her claim. However, on a motion for summary judgment the facts and the inferences that may logically be drawn therefrom are to be viewed in the light most favorable to the respondent who is the plaintiff in this case. On the question of negligence, therefore, the plaintiff's case could well have passed muster even in the absence of expert medical testimony. But we need not decide this issue for on the question of causation, her case must fail. Even when viewed in the light most favorable to the plaintiff, the record fails to

reveal that the post-operative care and conduct of the defendants towards the plaintiff's decedent was a proximate or contributory cause of his death from pulmonary embolism. *See Huffman v. Lindquist,* 37 Cal.2d 465, 234 P.2d 34 (1951); *Michael v. Roberts,* 91 N.H. 499, 23 A.2d 361 (1941); *Barker v. Heaney,* 82 S.W.2d 417 (Tex. Civ. App. 1935); *Parker v. Goldstein,* 78 N.J. Super. 472, 189 A.2d 441 (1963), *cert. denied* 40 N.J. 225, 191 A.2d 63. Expert medical testimony, under the circumstances, was required to establish this essential element of the plaintiff's case. *Id.*

Affirmed.

*Hyman M. Greenstein* for plaintiffs-appellants.

*Edmund Burke (Conroy, Hamilton, Gibson, Nickelsen & Rush,* of counsel) for defendants-appellees.