YANDRICH, APPELLANT, *v.* BLAIR, APPELLEE, ET AL.

[Cite as Yandrich v. Blair (1979), 65 Ohio App. 2d 65.]

(No. 78AP-750—Decided May 24, 1979.)

*Messrs. Wolske & Blue, Mr. Walter J. Wolske, Jr.,* and *Mr. Gerald J. Todaro,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Craig D. Barclay* and *Mr. Ralph E. Dill,* for appellee.

McCORMAC, J.   Plaintiff-appellant, Mary Lou Yandrich, filed a complaint against dentists Allan E. Blair and Allan J. Scheiner, seeking damages for lingual nerve parasthesia causing loss of sensation in the left side of her tongue. Her

claim against Dr. Blair was that he removed four wisdom teeth in an allegedly unskillful manner causing the injury, and her claim against Dr. Scheiner was that he failed to obtain her informed consent to the surgery. A jury verdict was returned in favor of both defendants. Plaintiff has appealed only the verdict in favor of Dr. Blair, asserting the following assignment of error:

"The trial court erred to the substantial prejudice of the plaintiff-appellant when instructing the jury in a case of dental surgery negligence that there is a presumption, which must be overcome by the plaintiff, that the medical services were performed in an ordinary skilled manner."

Yandrich was referred to defendants by her regular dentist for extraction of her wisdom teeth. She was first attended by Dr. Scheiner who took X-rays and discussed the surgery with her. On November 14, 1974, Dr. Blair performed the operation which at the time appeared to be uneventful. She returned for follow-up care by Dr. Scheiner four days later, at which time a problem with a sore throat was noted on her chart, attributable to a possible retractor rub. On November 20, her prescription for pain medication was refilled and the next day Dr. Scheiner removed her sutures. She was seen again by Dr. Blair on January 7, 1975, at which time her chief complaint was loss of sensation on the left side of her tongue. Dr. Blair advised her that this type of condition was usually temporary and that she should return in six months if the problem remained. She returned on July 23, 1975, with the same complaint and was examined by Dr. Scheiner who told her that the loss of sensation may last six months or longer. Her loss of sensation on the left side of the tongue has not been restored and has been diagnosed as permanent lingual nerve parasthesia.

Dr. Burke, a New York dentist who was qualified as an expert in the removal of wisdom teeth, examined Yandrich and testified that in his opinion the lingual nerve had been severed during the wisdom teeth extraction. He based his opinion on the fact that the loss of feeling remained three years and eight months after the operation. He further testified that the injury was caused by the failure of Dr. Blair to exercise skill in removal of the wisdom teeth. He stated that permanent paras-

thesia does not occur unless the surgeon makes a mistake, the mistake being the severing of the nerve.

Although evidence contradictory to that of Dr. Burke was presented by defendants, clearly plaintiff presented direct expert evidence of negligence on the part of Dr. Blair proximately causing the severing of the lingual nerve.

The trial court instructed the jury in part as follows:

"* * *There is no presumption of negligence arising from the fact that a bad or unexpected result occurs. On the contrary, there is a presumption which must be overcome by the Plaintiff that the medical services were performed in an ordinary skilled manner. The fact that a good result may occur with poor treatment and that good treatment will not necessarily present [*sic*] a poor result, must be recognized.

"So, the doctor has brought a requisite of care, the degree and skill to his patient he is not libel [*sic*] simply because of failure to cure or for bad results that may follow.* * *"

The trial court's instruction that "there is a presumption which must be overcome by the plaintiff that the medical services were performed in an ordinary skilled manner" was error prejudicial to the plaintiff requiring reversal of the judgment in favor of Dr. Blair.

The trial court went further than telling the jury that plaintiff had the burden of proof to establish that defendant was negligent when he instructed the jury that there was a presumption of lack of negligence which must be *overcome* by the plaintiff. The trial court indicated that the "presumption" of freedom from negligence was entitled to evidentiary weight, thus erring to a much greater extent than in *Ault* v. *Hall* (1928), 119 Ohio St. 422, where the court told the jury that there was a presumption that the defendant exercised ordinary care. In *Ault, supra,* at page 429, the court criticized the charge as an inadequate statement of the proposition, but did not find the error to be prejudicial, stating that "[i]t is more accurate to instruct the jury that no presumption of negligence is indulged from the mere fact of injury, but that the burden of proof is on the plaintiff to show by the preponderance of the evidence that she was injured by the negligence of the defendant and that such negligence occasioned her damage.* * *"

The "presumption" of freedom from negligence is a test for use of the court, but is not to be part of the instruction to the jury. When the plaintiff presents sufficient proof of negligence to create an issue of fact, the "presumption" has no further application, even by the court. Thus, it is improper to instruct the jury that there is a presumption of freedom from negligence; the error is prejudicial if the jury can reasonably conclude that the presumption has evidentiary value. See the following comment from 1 Ohio Jury Instructions 197, Section 7.30:

"COMMENT. An instruction that the law 'presumes' that a party was free from negligence is not a true presumption and is 'misleading.' This and similar instructions have been held to be error and not to be submitted in special and general charges.***" See, also, *Rodenfels* v. *Great Eastern Stages, Inc.* (1939), 30 Ohio Law Abs. 42.

Insomuch as the case must be remanded for a new trial against Dr. Blair, the following comments are in order for the court's guidance in regard to the application of the doctrine of *res ipsa loquitur*. The trial court charged as to *res ipsa loquitur* and Dr. Blair contends that *res ipsa loquitur* is inapplicable although not specifically assigning it as error in a cross-appeal.

There is little disagreement among authorities that the doctrine of *res ipsa loquitur* (the thing speaks for itself) is limited in applicability and is generally inappropriate in malpractice cases where the sole basis is that the medical treatment was unsuccessful or terminated with poor or unfortunate results. *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1. However, under appropriate circumstances *res ipsa loquitur* may apply to a malpractice case. *Oberlin* v. *Friedman, supra.*

The question is what circumstances or condition must be shown by plaintiff before application of the doctrine of *res ipsa loquitur* is appropriate.

The general rule is that the doctrine of *res ipsa loquitur* is properly invoked when a layman can say as a matter of common knowledge that the injury is one which does not ordinarily occur if due care has been exercised. If expert testimony is necessary before a layman can infer from the result that due care was not used, the doctrine of *res ipsa loquitur* does not apply. See Annotation 162 A.L.R. 1265; Annotation 82 A.L.R.

2d 1262; Morris, Dental Litigation (1977, 2nd Ed.), pages 72 to 94.

The rationale for this rule is that "the thing does not speak for itself" if expert testimony is necessary to explain that the inference of lack of due care is derived from the result.

The doctrine of *res ipsa loquitur* should not have been applied to this case. Dental services often include procedures which require a dentist to work in the near vicinity of nerves in the mouth. It is not commonly known that injuries to a nerve will not ordinarily occur unless the dentist's conduct fell below the ordinary standard of care. All that the layman knows, absent expert testimony, is that a poor result was obtained. As indicated from the testimony in this case, even the experts disagree as to whether permanent impairment of the lingual nerve is a recognized hazard of wisdom teeth removal even when due care is utilized.

Therefore, since expert testimony was necessary on the issue of Dr. Blair's care and skill, this case is not a proper one for the application of the doctrine of *res ipsa loquitur*. Absent the benefit of expert testimony, the only basis for finding that Dr. Blair was negligent was that his patient obtained an unfortunate result.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed and*
*cause remanded.*

STRAUSBAUGH, P. J., and MOYER, J., concur.