MURRAY E. PHILLIPS and MURRAY E. PHILLIPS, Administrator of the estate of Lydia Phillips, Plaintiffs-Appellants, *v.* THE QUEEN'S MEDICAL CENTER, a Hawaiian non-profit corporation, DR. SCOTT BRAINARD, DR. JOHN P. KEENAN, THE HONOLULU MEDICAL GROUP INC., a Hawaiian corporation, Defendants-Appellees, and JOHN DOE I and JOHN DOE V, Defendants

NO. 6313

JUNE 23, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* In this case, appellant suing on behalf of himself and as administrator of the estate of his deceased wife, complained that his deceased wife died on or about September 21, 1971, as a result of negligence and breach of contract on the part of the appellee physicians and hospital.

Suit was filed on September 18, 1973. In Answers to Interrogatories filed on December 14, 1973, the appellant stated that he had not yet retained an expert because he did not have all of the records. On August 2, 1974, the records of Queen's Hospital were produced pursuant to a deposition on written interrogatories. On January 9, 1975, the appellant's deposition was taken at which time he had not yet obtained an expert. On April 7, 1975, the appellant's Pre-trial Statement was filed stating that he had not yet obtained an expert.

On June 3, 1976, the doctors' Motion for Summary Judgment was filed on the grounds that appellant had no expert and without an expert could not prove his case. On June 14, 1976, the Queen's Hospital Motion for Summary Judgment on

the same grounds was filed. On June 21, 1976, appellant filed a memo in opposition stating that by the time of trial two named physicians would be retained as appellant's experts in trial. On June 23, 1976, a hearing was held at which the court gave the appellant until July 7, 1976 to provide court and counsel with proper affidavits from duly licensed physicians stating that the appellees or any one of them failed to meet the medical standard of care required of them under the circumstances and the specific bases upon which they based their opinions. This oral order was confirmed by written order filed July 6, 1976. Appellant failed to produce such affidavits from either of the two doctors named in his memorandum or from any other doctor. Accordingly, on July 15, 1976, an order for summary judgment was entered dismissing appellant's action.

Appellant raises three points on appeal. First, he contends that the court below abused its discretion in giving him only from June 23 to July 7, 1976, to produce affidavits from his experts since they were in California and were busy doctors. We see no abuse of discretion. The case at that point was almost three years old. Appellant had filed a Statement of Readiness on September 23, 1974, and the case had actually originally been set for trial during the week of June 2, 1975, and the parties had filed pre-trial statements in April of 1975. Under these circumstances, the appellant should have retained his experts and ascertained what their testimony would be long before the motions were brought. Giving the appellant two weeks to produce affidavits from his experts even though they were domiciled in California rather than being an abuse of discretion, was a generous extension of consideration by the court below.

Appellant's second complaint is that he did not need medical experts in this case. Since as appellant's counsel admitted at argument, the claim in this case is for the wrongful death of appellant's wife, it is settled that expert medical testimony as to the cause of death is necessary to sustain the appellant's case. *Devine v. Queen's Medical Center*, 59 Haw. 50, 574 P.2d 1299 (1978). Thus, *res ipsa loquitur* is inapplicable.

The third complaint is that there were various deficiencies in hospital care and equipment while the decedent was in the hospital. In this respect, this case is on all fours with *Devine, supra*. There. being no expert medical testimony to link the cause of death to the insufficiencies complained of, it follows that summary judgment was properly granted.

Affirmed.

*Blake Okimoto* for plaintiffs-appellants.

*William L. Fleming* for defendant-appellee Queen's Medical Center.

*Gary N. Hagerman* for defendants-appellees *Dr. Scott Brainard, et al.*