GILBERT MEDINA and LANI MEDINA, Plaintiffs-Appellants,
v. ROY B. FIGUERED, Defendant-Appellee

NO. 8461

(CIVIL NO. 51551)

JUNE 22, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE MOON
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

Plaintiffs Medinas[1] sued defendant Roy B. Figuered for breach of dental contract and for dental malpractice. Figuered counterclaimed for the unpaid balance. Figuered won summary judgment on the Medinas' claims against him, and after final judgment was issued pursuant to Rule 54(b), Hawaii Rules of Civil Procedure (1980), the Medinas appealed. We affirm the summary judgment.

Mr. Medina first visited Figuered on June 23, 1976. Figuered recommended, and Mr. Medina agreed to, a procedure whereby (1) twelve upper teeth would be extracted and an alveolectomy performed to contour the bone of the upper denture; (2) a full upper denture and a partial lower denture would be constructed using a swing-lock mechanism to stabilize the teeth; and (3) the dentures would be fitted and adjusted.

---

[1] The Medinas were divorced on July 15, 1977.

Later, Figuered took impressions for the dentures which thereafter were constructed by an independent laboratory.

On December 16, 1976, Figuered extracted the teeth, performed the alveolectomy and placed the dentures in Mr. Medina's mouth.

Thereafter, Figuered and the laboratory modified and adjusted the dentures. Mr. Medina was satisfied with the lower denture but complained that the upper denture caused him much pain, discomfort, speech interference, and embarrassment.[2] He testified that he did his best to do what was required of him during the adjustment period.

The last day Mr. Medina visited Figuered's office was on January 28, 1977. On February 25, 1977, he went to another dentist and obtained new upper dentures.

On May 13, 1977, the Medinas sued Figuered alleging *inter alia* that the "dental services and goods were negligently and carelessly provided. . . ."

Although they sued for breach of contract and negligence and asked for special damages, general damages, damages for loss of consortium and for punitive damages, the Medinas raise only one issue on appeal: Did the lower court err in deciding that the facts of this case do not warrant the application of the doctrine of *res ipsa loquitur*[3] (the thing speaks for itself)?

The record shows that the Medinas were unable to offer expert testimony to support their claim that Figuered has failed to conform to the standard of care applicable to his services. However, they assert that the doctrine of *res ipsa loquitur* creates a genuine issue of material fact.

*Devine v. Queen's Medical Center*, 59 Haw. 50, 574 P.2d 1352 (1978), and *Phillips v. Queen's Medical Center*, 1 Haw. App. 17, 613

---

[2] In his Memorandum in Opposition to Motion for Summary Judgment, Mr. Medina stated that he "intends to show that the dentures prepared by the Defendant were of such defective quality that they made him appear comical and grossly ridiculous. The dentures were too large containing oversized teeth and gave Gilbert Medina an appearance of having 'buck' or protruding teeth."

[3] *See Turner v. Willis*, 59 Haw. 319, 582 P.2d 710 (1978), and *Wakuya v. Oahu Plumbing & Sheet Metal, Ltd.*, 2 Haw. App. 373, 636 P.2d 1352 (1981), for a discussion of the doctrine.

P.2d 365 (1980), are inapposite because in this case the cause of the damage has been identified and the only element of negligence which is a genuine issue of material fact is whether that cause stems from Figuered's breach of the applicable standard of care.

The conditions usually stated as necessary to apply the doctrine of *res ipsa loquitur* are:

1. The event must be one which ordinarily does not occur in the absence of someone's negligence.

2. It must be caused by an agency or instrumentality within the exclusive control of the defendant.

3. It must not have been due to any voluntary action or contribution on the part of the plaintiff. Prosser, *Law of Torts*, § 39 at 214 (1978).

With respect to this case, requirement no. 1 may be stated in various ways: Whether "the occurrence is such as in the ordinary course of events does not happen if due care has been exercised. . . ." *Turner v. Willis*, 59 Haw. 319, 324, 582 P.2d 710 (1978), quoting *Ciacci v. Wooley*, 33 Haw. 247, 257 (1934), quoting *Morgan v. Yamada*, 26 Haw. 17, 24, quoting 20 R.C.L. 187; or whether common knowledge or experience is extensive enough to permit it to be said that Mr. Medina's condition would not have existed except for Figuered's negligence, *Lyu v. Shinn*, 40 Haw. 198 (1953); or whether, assuming Mr. Medina did all that he was required to do, it is common knowledge or experience that except for Figuered's failure to satisfy his duty of care, Mr. Medina's dentures would not have caused him pain, discomfort, speech interference, and embarrassment for the 43-day period after they were first placed into his mouth.

There are "some medical and surgical errors on which any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care. When an operation leaves a sponge in the patient's interior, or removes or injures an inappropriate part of his anatomy, or when a tooth is dropped down his windpipe or he suffers a serious burn from a hot water bottle, or when instruments are not sterilized, the thing speaks for itself without the aid of any expert's advice." (Footnotes omitted.) Prosser, *Law of Torts*, § 39 at 227-228 (1978).

However, we do not think that a layman is competent to conclude from common knowledge or experience that Mr. Medina would not have had his problems if Figuered had used proper skill and care.

*Yandrich v. Blair,* 65 Ohio App.2d 65, 415 N.E.2d 996 (1979); *Negaard v. Feda's Estate,* 152 Mont. 47, 446 P.2d 436 (1968). The use of proper skill and care by the dentist does not guarantee the patient's satisfaction, and the patient's dissatisfaction, even if reasonable, is not substantial evidence of the dentist's failure to use proper skill and care.

Affirmed.

*Bruce B. Kim (Edward Y. N. Kim* with him on the briefs) for plaintiff-appellants.

*Michael M. Payne (Richard K. Quinn* with him on the briefs) for defendant-appellee.