Cote v. Rockingham County          CV-93-348-L    05/18/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Alfred Cote, et al.


     v.                              #C-93-348-L

Rockingham County, et al.


**ORDER ON DEFENDANT, DOUGLAS BEVIN'S D.M.D,'S MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT ROCKINGHAM COUNTY'S
MOTION FOR SUMMARY JUDGMENT**


The court held a pre-trial conference on July 14, 1994.  The court then issued a pre-trial order part of which contained the following: Plaintiff's expert and expert reports were to be disclosed under the discovery schedule on or before November 1, 1994.

The Defendant has now filed this motion for summary judgment based upon the failure of the Plaintiff to disclose an expert witness or opinions concerning the alleged negligence of Dr. Bevins in his treatment of the Plaintiff.

Subsequent to Dr. Bevin's motion for summary judgment, in a non assented to motion, the Defendants Rockingham County et al. have moved this court to enter summary judgment against the Plaintiff, based upon his failure to disclose expert witnesses to support his claims premised upon inadequate medical care and exposure to environmental tobacco smoke (ETS).

In Plaintiff's complaint he alleged in paragraph 27 that he was denied a high fiber diet, paragraphs 32 and 33 that he was exposed to environmental tobacco smoke and paragraphs 28 and 29 that he received or was denied adequate dental care.

It is axiomatic that in a case involving lack of proper medical or dental care, as alleged by Plaintiff, expert testimony is needed.  Michael v. Roberts, 91 N.H. 499, 501 (1941).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment prohibition of cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Mere negligence or malpractice does not violate the eighth amendment.  Estelle, 429 U.S. at 106, 97 S.Ct. at 292.  Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the Eighth Amendment.  Green v. Carlson, 581 F.2d 669, 675 (7th Cir. 1978), aff'd 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).  Whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses.  Merritt v. Faulkner, 697 F.2d 761, 765 (7th Cir. 1983);  see also Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

We have acknowledged that medical testimony is sometimes

2

unnecessary "because the matters involved fall within the realm of common knowledge." Bentley v. Adams, 100 N.H. 377, 379, 128 A.2d 202, 204 (1956)(citation omitted). We have also recognized, however, that there are "situations where the questions are such that only an expert may be expected to know about them, and in such cases expert testimony is required. Rochester v. Smith, 119 N.H. 495, 497 (1979) quoted in Bentley, 100 N.H. at 379, 128 A.2d at 204; see also Durocher v. Rochester Equine Clinic, 137 N.H. 532 629 A.2d 827 (1993).

In contravention of the discovery schedule set forth by the court, the Plaintiff failed to disclose medical experts or their reports. Further, without expert medical evidence Plaintiff cannot prove his claim against this Defendant. Accordingly, Defendant Bevin's Motion for summary judgment is granted.

With respect to Defendant Rockingham County's motion to dismiss Plaintiff's counts or claims with respect premised upon inadequate medical care and exposure to environmental tobacco smoke (docket entry #64) the court makes the following ruling. Concomitant with the court's ruling on (docket entry #56), the claim of inadequate medical care, summary judgment is granted thereon.

The court next addresses Plaintiff's claim regarding the ETS claim.

3

The seminal case on this issue is <u>Helling v. McKinney</u>, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Respondent McKinney, a Nevada state prisoner, filed suit against petitioner prison officials claiming that his involuntary exposure to ETS from his cellmates' cigarettes posed an unreasonable risk to his health, thus subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

The Supreme Court held that with respect to the objective factor, McKinney must show that he himself is being exposed to unreasonably high levels of ETS.

Also, with respect to the objective factor, determining whether McKinney's conditions of confinement violate the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone willingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

Defendant alludes to Plaintiff's deposition where he testified that he was housed for one or two nights with a

4

prisoner who was a smoker.  After complaining, he was moved to a cell by himself.  While incarcerated, Plaintiff was on work release approximately from 9 a.m. to 9 p.m., Monday through Saturday.  Plaintiff complained that he was exposed to smoke in common areas in the morning before work, after work and on Sundays.

Defendant also contends that Plaintiff needs medical, scientific and statistical evidence to prove what constitutes unreasonable risk of exposure to ETS.

Plaintiff has failed to bring to the court's or counsel's attention expert or statistical evidence on how he proposes to prove his ETS case.

Summary Judgment is granted on the ETS claim.

To recapitulate:  Docket Entry #56, Dr. Bevin's Motion for Summary Judgment, is granted.  Docket Entry #64,  Rockingham County's Motion for Summary Judgment, is granted as to Plaintiff's inadequate medical claims and ETS claim.


May 18, 1995

                     _____

                     Martin F. Loughlin
                     Senior Judge

Alfred F. Cote
Mark H. Gardner, Esq.
Bradley A. Stolzer, Esq.