NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000093**
**29-FEB-2024**
**08:28 AM**
**Dkt. 82 SO**

NO. CAAP-19-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE ESTATE OF LOUIE JOHN RODRIGUES,
Plaintiff-Appellant,
v.
WAYNE D. WARRINGTON, D.O., Defendant-Appellee,
and
HAWAII MEDICAL CENTER WEST and
DOE DEFENDANTS 1-25, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1770)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone, and McCullen, JJ.)

This appeal arises out of a medical malpractice lawsuit brought by Plaintiff-Appellant The Estate of Louie John Rodrigues (**Estate**) and Plaintiff The Estate of Garbetti Kanoe Rodrigues (collectively, **Plaintiffs**) against Defendant-Appellee Wayne D. Warrington, D.O. (**Warrington**) and Defendant Hawaii Medical Center West.[1] After the Estate concluded its case-in-chief at trial, the Circuit Court of the First Circuit (**Circuit Court**) granted Warrington's oral motion for judgment as a matter of law as to the issue of causation, pursuant to Hawaiʻi Rules of Civil Procedure Rule 50, and subsequently entered judgment in favor of Warrington and against Plaintiffs.[2]

---

[1] The Estate of Garbetti Kanoe Rodrigues was dismissed as a plaintiff, and the case caption was amended to reflect the Estate as the sole plaintiff, by stipulation and order entered on January 3, 2019. Defendant Hawaii Medical Center West was dismissed as a party by agreement of the parties on January 2, 2019, as reflected in the court minutes for that date.

[2] The Honorable Jeffrey P. Crabtree presided.

The Estate appeals from the Judgment, entered on March 18, 2019, and the "Order Granting in Part and Denying in Part [Warrington's] Oral Motion for Judgment as a Matter of Law," entered on January 22, 2019, in the Circuit Court.[3/] The Estate contends that the Circuit Court erred in granting Warrington's motion for judgment as a matter of law on the issue of causation.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Estate's contention as follows and affirm.

The Estate contends that the Circuit Court erred in granting the motion for judgment as a matter of law on the issue of causation because "Warrington's negligence could be found to be a substantial factor in causing Mr. Rodrigues' death even if there were other substantial factors (such as his fall), and in the absence of a finding that without [Warrington's] negligence the harm would not have occurred." Relatedly, the Estate argues that "Warrington's actions, or rather failure to act, in this case deprived . . . Rodrigues of any chance of surviving his fall." The Estate further argues that "the trial court erred when it failed to apply the common knowledge exception when it found that [the Estate] had not met its burden to prove causation with expert witnesses." (Formatting altered.)

"[I]n order to prevail on a medical negligence claim, a plaintiff must prove, by a preponderance of the evidence, that a health care provider defendant, acting in the defendant's professional capacity, committed a negligent act or omission which was a substantial factor in bringing about the death of, or injury or other damage to, a patient." Estate of Frey v. Mastroianni, 146 Hawaiʻi 540, 550-51, 463 P.3d 1197, 1207-08 (2020) (footnote omitted). As to the substantial factor/causation element, "[a] medical negligence plaintiff is required to establish legal causation through the introduction of expert medical testimony, [Barbee v. Queen's Medical Center, 119 Hawaiʻi

---

[3/] Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2), the February 15, 2019 notice of appeal is deemed filed immediately after entry of the Judgment.

136, 158, 194 P.3d 1098, 1120 (2008)], and such testimony must be 'based on a "reasonable medical probability,"' <u>id.</u> at 163, 194 P.3d at 1125 (quoting <u>Craft[ v. Peebles]</u>, 78 Hawaiʻi [287,] 305, 893 P.2d [138,] 156[ (1995)])." <u>Estate of Frey</u>, 146 Hawaiʻi at 557, 463 P.3d at 1214 (original brackets omitted); <u>see Barbee</u>, 119 Hawaiʻi at 159, 194 P.3d at 1121.

"Loss of chance," which in these circumstances refers to the patient's lost chance of survival, is "a relevant consideration in determining whether a defendant's negligence was a substantial factor in causing the plaintiff's injury." <u>Frey</u>, 146 Hawaiʻi at 552, 554, 463 P.3d at 1209, 1211. However, in proving that the plaintiff suffered injury, "the plaintiff must prove that the lost chance of survival . . . was a substantial loss of chance[,]" and must do so through expert medical testimony based on a "reasonable medical probability." <u>Id.</u> at 555, 463 P.3d at 1212 (quoting <u>Delaney v. Cade</u>, 873 P.2d 175, 185-86 (Kan. 1994), and <u>McBride v. United States</u>, 462 F. 2d 72, 75 (9th Cir. 1972)).

This court has concluded that "Hawaiʻi does recognize a 'common knowledge' exception to the requirement that a plaintiff must introduce expert medical testimony on causation." <u>Barbee</u>, 119 Hawaiʻi at 159, 194 P.3d at 1121 (citing <u>Medina v. Figuered</u>, 3 Haw. App. 186, 188, 647 P.2d 292, 294 (1982)).

> The exception is similar to the doctrine of res ipsa loquitur, and when applied, transforms a medical malpractice case "into an ordinary negligence case, thus obviating the necessity of expert testimony to establish the applicable standard of care." <u>Craft</u>, 78 Hawaiʻi at 298, 893 P.2d at 149 (citing <u>Rosenberg by Rosenberg v. Cahill</u>, 99 N.J. 318, 492 A.2d 371, 374 (1985)). This exception is "rare in application," <u>id.</u>, and applies in instances such as "when an operation leaves a sponge in the patient's interior, or removes or injures an inappropriate part of his anatomy, or when a tooth is dropped down his windpipe or he suffers a serious burn from a hot water bottle, or when instruments are not sterilized." <u>Id.</u> (citing <u>Medina</u>, 3 Haw. App. at 188, 647 P.2d at 294).

<u>Id.</u> (brackets omitted).

Where the common knowledge exception does not apply, the default rule kicks in (<u>see</u> <u>supra</u>), and the plaintiff must establish causation through expert medical testimony based on a reasonable medical probability. <u>See</u> <u>Frey</u>, 146 Hawaiʻi at 557,

463 P.3d at 1214; <u>Barbee</u>, 119 Hawaiʻi at 162-63, 194 P.3d at 1124-25.

> This means that testimony that "falls short of providing the causal nexus" between alleged negligence and harm to the patient is insufficient as a matter of law." <u>Barbee</u>, 119 Hawaiʻi at 163, 194 P.3d at 1125.  However, when testimony asserting such a causal nexus is provided, it falls to the jury to determine whether the party presenting the testimony has met its burden of proof.  <u>Dzurik v. Tamura</u>, 44 Haw. 327, 329, 359 P.2d 164, 165 (1960) . . . [.]

<u>Frey</u>, 146 Hawaiʻi at 557, 463 P.3d at 1214 (original brackets omitted).

Here, the causal link between any alleged negligence and Rodrigues's death is not within the realm of "common knowledge."  The evidence at trial showed that Rodrigues suffered from numerous underlying health conditions, including diabetes, hypertension, "end-stage liver disease" (or decompensated cirrhosis), and liver cancer.  With these conditions, Rodrigues fell off a ladder from a height of approximately six feet, sustaining further injuries, allegedly including a significant head injury and intracranial bleeding.  The Estate contends that giving Ibuprofen to a patient with liver disease and failing to conduct a head CT scan rendered Warrington negligent.  However, the diagnosis of intracranial bleeding, as well as the role that preexisting conditions and alleged subsequent complications related to his treatment played in Rodrigues's death, are not within the knowledge of the average layperson.  Additionally, as the Circuit Court observed and Warrington points out, "[f]urther complicating matters is the fact that the Certificate of Death identified the cause of death as respiratory failure and advanced liver carcinoma."  In sum, Rodrigues sustained a "sophisticated injury," and "a reasonable jury would need expert medical testimony to determine whether and to what extent any alleged negligence" contributed to Rodrigues's death and/or lost chance of survival.  See <u>Barbee</u>, 119 Hawaiʻi at 161, 194 P.3d at 1123. The Estate was thus required to establish causation through expert medical testimony based on a reasonable medical probability.

The Estate failed to do so. Based on our review of the Estate's arguments regarding causation, as well as our own review of the trial record, it appears there was no expert medical testimony that any alleged negligent act or omission by Warrington contributed to Rodrigues's death, or to a lost chance of survival, to a reasonable medical probability.[4] Because the testimony at trial "'[fell] short of providing the causal nexus' between alleged negligence and harm to [Rodrigues]," it was insufficient as a matter of law. Frey, 146 Hawaiʻi at 557, 463 P.3d at 1214 (quoting Barbee, 119 Hawaiʻi at 163, 194 P.3d at 1125). Accordingly, the Circuit Court did not err in granting Warrington's motion for judgment as a matter of law on the issue of causation.

For the reasons discussed above, we affirm the Judgment, entered on March 18, 2019, and the "Order Granting in Part and Denying in Part . . . [Warrington's] Oral Motion for Judgment as a Matter of Law," entered on January 22, 2019, in the Circuit Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, February 29, 2024.

On the briefs:

Michael J. Green and
Denise M. Hevicon
for Plaintiff-Appellant.

/s/ Clyde J. Wadsworth
Presiding Judge

Michele-Lynn E. Luke and
Saori Takahashi
(Kessner Umebayashi Bain &
Matsunaga)
for Defendant-Appellee.

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[4] As a threshold matter, we note that the Estate did not argue below that it had established causation based on an alleged lost chance of survival or otherwise raise the loss-of-chance doctrine at trial. Generally, issues not raised below are waived on appeal. See State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."); Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal."). That is the case here; the Estate waived its argument based on the loss-of-chance doctrine. In any event, the argument is without merit for the reasons discussed above.