**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000479
30-APR-2026
08:33 AM
Dkt. 96 SO**

NO. CAAP-23-0000479


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LINDA WILSON, on behalf of the Estate of TITUS WILSON,
Plaintiff-Appellant,
v.
PALI MOMI MEDICAL CENTER,
a Hawaii Domestic Nonprofit Corporation;
THOMAS W. POLLARD, D.O.; NATALIE KITAMURA, APRN,
Defendants-Appellees, and
DOES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161001725)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

Plaintiff-Appellant **Linda** Wilson, on behalf of the

Estate of Titus Wilson (together, **the Estate**), appeals from the

Circuit Court of the First Circuit's July 17, 2023 Final Judgment and various underlying orders.[1]

On appeal, the Estate raises four points of error, challenging the circuit court's (1) partial grant of its motion to compel; (2) denial of its request for a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f) continuance; (3) grant of Defendant-Appellee **Pali Momi** Medical Center's motion for summary judgment; and (4) exclusion of evidence as related to Linda's Intentional Infliction of Emotional Distress (**IIED**) claim.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Gary W.B. Chang presided. The Estate appeals from the following underlying orders:

1. March 19, 2020 "Order Granting Defendant Pali Momi Medical Center's Motion for Summary Judgment Re Medical Negligence, Vicarious Liability and Informed Consent, Filed January 16, 2020";

2. August 4, 2020 "Order Denying with Prejudice 'Plaintiff's Motion for Reconsideration of the Order Granting Defendant Pali Momi Medical Center's Motion for Summary Judgment Re Medical Negligence, Vicarious Liability and Informed Consent, Filed January 16, 2020, Filed on March 19, 2020,' Which Motion Was Filed on April 6, 2020";

3. April 6, 2021 "Order Granting, in Part, and Denying, in Part, Defendant Pali Momi Medical Center's Motion for Fees and Costs, Filed January 6, 2021";

4. October 11, 2021 "Order Denying Plaintiffs' Motion to Admit Joseph A. Yanny, Esq. Pro Hac Vice, Filed 6/30/21 [DOC. 935]"; and

5. March 19, 2020 "Order Granting in Part and Denying in Part Defendants Thomas W. Pollard, D.O. and Natalie Kitamura, APRN's Motion for Partial Summary Judgment, Filed 1/17/20."

(Formatting altered.)

the issues raised and the arguments advanced, we resolve the points of error as discussed below and affirm.

In September 2016, Linda (self-represented) sued Pali Momi, as well as Defendants Thomas Pollard, D.O. (**Dr. Pollard**), Natalie Kitamura, APRN (**Nurse Kitamura**), and the Board of Directors for Hawaiʻi Pacific Health.[2] In her complaint, Linda asserted Negligence, Malpractice, and Wrongful Death/Vicarious Liability claims.

According to Linda's complaint, her twenty-three-year-old son, **Titus** Wilson, had a complicated medical history, was admitted to Pali Momi in June 2014, and died of septic shock.

Although not named as parties or mentioned in her complaint, other doctors involved in Titus's care were Ky Le, M.D. (**Dr. Le**); John Kao, M.D. (**Dr. Kao**); and Abhijeet Koli, M.D. (**Dr. Koli**).

Over a year later, in October 2017, Richard **Gronna**, Esq., and Jonathan E. **Burge**, Esq., entered their appearance as the Estate's attorneys. A jury trial was initially set for August 2019.

In June 2018, Attorneys Gronna and Burge moved to withdraw, which was granted. In the order granting the motion

---

[2] In February 2020, the parties stipulated to dismiss the Board of Directors. As mentioned below, the Estate and Linda settled with Dr. Pollard and Nurse Kitamura in December 2022 and stipulated to dismiss Dr. Pollard and Nurse Kitamura in June 2023. Thus, this appeal only involves the Estate's claims against Pali Momi.

to withdraw, the circuit court stated that "the Estate must be represented by an individual who is licensed to practice law in Hawaii or otherwise privileged to practice law in Hawaii."

In September 2018, Dr. Pollard and Nurse Kitamura moved for judgment on the pleadings, as there was no attorney representing the Estate.  Pali Momi joined.  The circuit court denied the motion but reiterated that the Estate must be represented by a licensed attorney.

In February 2019, William C. McCorriston, Esq., and Jesse J.T. **Smith**, Esq., from McCorriston Miller Mukai MacKinnon LLP (**McCorriston Firm**), entered their appearance as the Estate's attorneys.  With trial six months away, the Estate moved to continue trial and all pretrial deadlines.  Over the other parties' objections, the circuit court continued trial to March 2020.  Discovery cut-off was January 9, 2020.[3]

In July 2019, the Estate moved for leave to amend Linda's complaint, which the circuit court granted "with respect to the claim for [IIED] which is being alleged by [Linda] in her individual capacity against Dr. Pollard and Nurse Kitamura only."

---

[3]  Certain deadlines were extended by stipulation for deposing certain doctors.

On December 30, 2019, the Estate noticed Pali Momi's deposition under HRCP Rule 30(b)(6)[4] for nineteen various areas of inquiry.  On January 9, 2020, Pali Momi moved "for a protective order to preclude the depositions of the 30(b)(6) designee(s)" as being irrelevant, overbroad, and in excess of the Estate's deposition limit.

On January 16, 2020, seven days after discovery cut-off, Pali Momi moved for summary judgment on the Estate's claims of Medical Negligence, Vicarious Liability, and Informed Consent.  Also in January 2020, Dr. Pollard and Nurse Kitamura moved for partial summary judgment on various claims, including Linda's IIED claim, which Pali Momi joined.

On February 6, the Estate moved to compel Pali Momi's HRCP Rule 30(b)(6) deposition as well as to produce documents it requested on November 20, 2019.

---

[4]  HRCP Rule 30(b)(6) provides as follows:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested.  In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  A subpoena shall advise a non-party organization of its duty to make such a designation.  The persons so designated shall testify as to matters known or reasonably available to the organization.  This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these Rules.

On February 28, the circuit court verbally granted Dr. Pollard and Nurse Kitamura's motion for summary judgment as to IIED after excluding evidence related to that claim and entered its written order on March 19. On March 3, the circuit court verbally granted Pali Momi's motion for summary judgment as to Medical Negligence, Vicarious Liability, and Informed Consent and entered its written order on March 19.

On March 4, the circuit court granted Pali Momi's motion for a protective order to preclude the deposition of the HRCP Rule 30(b)(6) designee(s). The circuit court also partially granted the Estate's motion to compel production of Pali Momi's policies and procedures, limiting production to the policies on informed consent, prescription medication, treatment plan, and hospitalization.

On March 11, trial commenced against Dr. Pollard and Nurse Kitamura. Six days later, the circuit court suspended trial due to the COVID-19 pandemic; it ultimately declared a mistrial and released the jurors.

On April 6, the Estate moved for reconsideration of the order granting Pali Momi's motion for summary judgment regarding Medical Negligence, Vicarious Liability, and Informed Consent, which the circuit court denied.

A year later, in April 2021, the McCorriston Firm withdrew; Attorney Smith (formerly of the McCorriston Firm, now affiliated with Yamamoto Caliboso, LLLC) appeared.

By June 2023, Linda and the Estate reached a settlement with Dr. Pollard and Nurse Kitamura and stipulated to dismiss the case against them.

As to Pali Momi, the circuit court entered its final judgment in favor of Pali Momi and against the Estate. Final judgment was also entered against Linda on her IIED claim. The Estate (and Linda) timely appealed.

**(1)** First, the Estate contends the circuit court "erred when it partially granted [the Estate's] Motion to Compel, granting documentary evidence but not allowing additional discovery." (Formatting altered.)

In its points of error, the Estate sets forth the background as to its motion to compel. The Estate then states that, "[a]lthough [its] counsel never specifically raised it, the deposition was also necessary under [HRCP] Rule 56(f) to properly respond to" Pali Momi's motion for summary judgment, "which the court had already granted the day before," and "the court abused its discretion when it did not allow [the Estate] additional discovery based upon the compelled documents and its denial of the deposition severely prejudiced [the Estate]."

The Estate, however, presents no argument to support these conclusory statements. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) (requiring an "argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on").

A circuit court abuses its discretion when it disregards rules or principles of law to a party's substantial detriment. Dela Cruz v. Quemado, 141 Hawaiʻi 338, 344, 409 P.3d 742, 748 (2018) (quoting Shanghai Inv. Co. v. Alteka Co., 92 Hawaiʻi 482, 491-92, 993 P.2d 516, 525-26 (2000)). But the Estate does not provide reasons and citations to authorities showing the circuit court disregarded rules or principles of law. See Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 496, 164 P.3d 696, 754 (2007) (explaining where the appellant does not provide this court with reasons why the circuit court erred, the appellant's argument must fail).

Thus, we consider this argument waived. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

**(2)** Next, the Estate contends the circuit court "erred when it did not grant [an HRCP] 56(f) continuance prior to ruling on [Pali Momi's] Summary Judgment Motion." (Formatting altered.)

8

HRCP Rule 56(f) allows for a continuance if the opposing party's affidavits show that a continuance will help enable the opposing party, by discovery or other means, to establish specific facts showing a genuine issue for trial:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

HRCP Rule 56(f) (emphasis added); see generally Acoba v. Gen. Tire, Inc., 92 Hawaiʻi 1, 9-10, 986 P.2d 288, 296-97 (1999) (explaining the request for continuance "must demonstrate how postponement of a ruling on the motion will enable [the party], by discovery or other means, to rebut the movants' showing of absence of a genuine issue of fact" (citation modified)).

"A trial court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) . . . will not be reversed absent an abuse of discretion." Acoba, 92 Hawaiʻi at 9, 986 P.2d at 296.

The Estate's memorandum in opposition argued that Pali Momi was vicariously liable under the doctrines of respondeat superior or apparent authority for the medical negligence of various medical personnel involved in Titus's care. The Estate attached three declarations to its memorandum in opposition to Pali Momi's motion for summary judgment — one from Attorney

Smith, another from Linda herself, and the third from the Estate's expert, Andrew Nett, M.D. None of these declarations explained why postponement of the circuit court's ruling would assist the Estate in showing there was a genuine issue of material fact as to Pali Momi's vicarious liability. Although Attorney Smith's declaration referenced his attempts to acquire Pali Momi's policies and procedures, there was no explanation in his declaration as to how acquiring Pali Momi's policies and procedures would rebut Pali Momi's showing of no genuine issue of material fact.

Where the declarations attached to the Estate's memorandum in opposition failed to explain how a continuance would allow it to rebut Pali Momi's motion for summary judgment, the circuit court did not disregard rules or principles of law and, thus, did not abuse its discretion.

**(3)** Third, the Estate contends it "presented evidence, at both the opposition to the Motion for Summary Judgment, and the Motion to Reconsider the Motion for Summary Judgment which raised material issues of fact." (Formatting altered.) The Estate argues that Pali Momi was vicariously liable, advancing the theories of respondeat superior and apparent authority.

(a)  **Respondeat Superior**

In its points of error, the Estate contends it presented evidence showing Pali Momi was liable under respondeat superior.

Block-quoting from its memorandum in opposition to Pali Momi's motion for summary judgment, the Estate points out that Dr. Kao and Dr. Koli were employed by Pali Momi or Hawaiʻi Pacific Health at the time Titus was treated.  The Estate then asserts that Dr. Kao and Dr. Koli "appear to have failed to have adequately reviewed Titus's hospital records to Titus's detriment."  The Estate relies on the "common knowledge" exception to the requirement that expert medical testimony be used to establish negligence in medical malpractice actions.

We pause to note that the Estate makes no argument on appeal that Pali Momi was vicariously liable under the theory of respondeat superior for Dr. Pollard or Nurse Kitamura.

We review the circuit court's grant of summary judgment de novo.  Dairy Rd. Partners v. Island Ins. Co., 92 Hawaiʻi 398, 411, 992 P.2d 93, 106 (2000) (quoting Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 104, 839 P.2d 10, 22 (1992)).  "Only with the satisfaction of [an] initial showing does the burden shift to the nonmoving party to respond by affidavits or as otherwise provided in HRCP Rule 56, setting forth specific facts showing that there is a genuine issue for

trial." Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 240-41, 361 P.3d 454, 467-68 (2015) (citation modified).

Under respondeat superior, "an employer may be liable for the negligent acts of its employees that occur within the scope of their employment." Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Hawaiʻi 433, 438, 879 P.2d 538, 543 (1994).

"It is well settled that in medical malpractice actions, the question of negligence must be decided by reference to relevant medical standards of care for which the plaintiff carries the burden of proving through expert medical testimony." Craft v. Peebles, 78 Hawaiʻi 287, 298, 893 P.2d 138, 149 (1995). "The standard of care to which a doctor has failed to adhere must be established by expert testimony because a jury generally lacks the requisite special knowledge, technical training, and background to be able to determine the applicable standard without assistance of an expert." Id. (citation modified).

An exception is the "common knowledge" exception, which "provides that certain medical situations present routine or non-complex matters wherein [lay persons are] capable of supplanting the applicable standard of care from [their] 'common knowledge' or ordinary experience." Id. For example, leaving a sponge in a patient or removing the wrong body part. Id. (quoting Medina v. Figuered, 3 Haw. App. 186, 188, 647 P.2d 292,

294 (App. 1982)).  "This exception, however, is rare in application."  Id.

In its complaint, the Estate did not claim that Pali Momi was vicariously liable for Dr. Kao and Dr. Koli's actions. Nonetheless, even if we were to liberally interpret the self-represented complaint and its amendment and assume Pali Momi was on notice for being vicariously liable for Dr. Kao and Dr. Koli's alleged inadequate review of Titus's hospital records, such an assertion necessarily requires reference to medical standards for what is adequate in reviewing hospital records.  In any event, as discussed infra, the record also reflects that the policies subsequently obtained by the Estate were ultimately ruled inadmissible because they were not comprehensible to a lay juror without the aid of an expert.

Determining the adequacy of a doctor's review of a hospital record requires an understanding of the hospital record's contents.  Hospital records contain medical terms and procedures.  "[S]pecial knowledge, technical training, and background" are required to understand that information and whether it was significant to Titus's treatment.  See Craft, 78 Hawaiʻi at 298, 300-01, 893 P.2d at 149, 151-52 (holding that the manufacturer's "package inserts alone, without supporting expert testimony, are insufficient to establish a standard of care"). Thus, the adequacy of a doctor's review of this information,

which is the Estate's challenge, is not within a lay person's common knowledge. See id.

We decline to apply the common knowledge exception under these circumstances. As such, the circuit court did not err in granting summary judgment as to the Estate's claim that Pali Momi was vicariously liable under the theory of respondeat superior for Dr. Kao and Dr. Koli's alleged inadequate review of the hospital records.

**(b) Apparent Authority**

In its points of error, the Estate asserts that it presented evidence showing Pali Momi was liable for the actions of Dr. Pollard, Nurse Kitamura, and Dr. Le under the theory of apparent authority. The Estate's entire apparent authority argument is as follows:

> Evidence was also submitted, that in the best light to the plaintiff, that the Doctors and Nurses who worked on [Titus] appeared to have apparent authority to act on behalf of [Pali Momi]. See #458 at 2-3 and #458 at 8-12. Evidence also established that [Pali Momi] had apparent authority over Dr. Le. See #458 at 12-13.

The Estate's argument is conclusory. See HRAP Rule 28(b)(7). And to the extent the Estate attempts to incorporate arguments made in its opposition to Pali Momi's motion for summary judgment by simply citing to docket and page numbers, incorporation by reference is improper here. Kapiolani Com. Ctr. v. A&S P'ship, 68 Haw. 580, 584, 723 P.2d 181, 184-85 (1986) ("[C]ross-appellant, in violation of our 35-page

14

limitation set forth in HRAP Rule 28(a), attempts to incorporate by reference in its brief, the arguments made before the trial court. Since this is in violation of our rules, we will disregard those points.").

Thus, we consider the Estate's apparent authority argument waived. See id. Relatedly, the Estate argues that if Pali Momi is liable for the medical negligence of Dr. Pollard and Nurse Kitamura, Pali Momi had a duty of informed consent.[5] Because we consider the Estate's apparent authority argument waived, we do not reach the issue of informed consent.

### (c)  Motion for Reconsideration

In its motion for reconsideration, the Estate argued that "[n]ew evidence, which could not have been adequately reviewed prior to the filing of [its] memorandum in opposition to the [motion for summary judgment] or were produced after the Court's oral finding on the [motion for summary judgment], have brought to light genuine issues of material fact that support a denial of the [motion for summary judgment]."

"The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated

---

[5]  "According to Hawaii law, physicians, and not hospitals, are required to obtain the informed consent of patients." Bynum v. Magno, 125 F. Supp. 2d 1249, 1267 (D. Haw. 2000).

15

motion." Amfac, 74 Haw. at 114, 839 P.2d at 27. The denial of a motion for reconsideration is reviewed for an abuse of discretion. Id. at 114, 839 P.2d at 26.

Specifically, the Estate pointed to learning that Nurse Kitamura was an employee of Pali Momi, "which raised a genuine issue of material fact with regard to whether [Pali Momi] was vicariously liable for Nurse Kitamura's negligence."

On this point, the circuit court found that Nurse Kitamura was employed by both Pali Momi and Dr. Pollard, but the "material fact [was] which employer had control over [Nurse] Kitamura's treatment of Titus Wilson." To that, the circuit court also found that, "[o]n the question of control over [Nurse] Kitamura at the times that she treated Titus Wilson, there is no genuine issue of material fact. The record shows that only [Dr.] Pollard had control over [Nurse] Kitamura during the treatment of Titus Wilson." The circuit court thus determined there was no basis to reconsider its summary judgment ruling based on the doctrine of respondeat superior.

In its opening brief, the Estate does not identify evidence in the record that shows Pali Momi exerted any control over Nurse Kitamura as to Titus's treatment or that shows the circuit court's determination that this material fact was not disputed, was wrong. See Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) ("This court

16

is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions.").

In its motion for reconsideration, the Estate also pointed to the production of certain Pali Momi policies and procedures after the granting of summary judgment, which "raise a genuine issue of material fact as to whether [Pali Momi] exerted control over Dr. Pollard and Nurse Kitamura such that it is vicariously liable for their negligence and whether [Pali Momi] impliedly granted these healthcare providers authority to act on its behalf."

The circuit court found that Pali Momi's policies and procedures were "not readily understandable to the average juror," as they involved "concepts of medical treatment, the manner in which health care providers' business practices dove tail with sophisticated hospital organizations." The Estate had not "named an expert witness to testify as to the interpretation of [Pali Momi]'s policies and procedures." The circuit court concluded that "there are no genuine issues of material fact with regard to whether [Pali Momi] can be held liable based on its policies and procedures."

In the argument section of its opening brief, the Estate argues the "policy and procedures showed, in plain language that did not need an expert, that there was a material fact as to whether [Pali Momi], had enough control over the

medical personnel treating" Titus.  But the Estate does not expressly identify the policies and procedures on which it relies or explain why the policies and procedures on which it relies are understandable to lay persons.

As such, we cannot say the circuit court's findings were clearly erroneous or that the circuit court abused its discretion in denying the Estate's motion for reconsideration.

**(4)**    Finally, the Estate contends the circuit court "erred when it denied Dr. Pollard and Nurse Kitamura's Motion for Partial Summary Judgment and the [IIED] count, but then ruled that the Statements, which it ruled would in the light most favorable to [Linda] create emotional distress were more prejudicial than probative and dismissed the count anyway." (Formatting altered.)

The IIED claim against Pali Momi is premised on whether Pali Momi is vicariously liable for Dr. Pollard and Nurse Kitamura's actions.  But, as discussed above, we affirm the circuit court's granting of Pali Momi's motion for summary judgment, which included Linda's claim that Pali Momi was vicariously liable for Dr. Pollard and Nurse Kitamura's actions.

As such, the circuit court did not err in dismissing the IIED claim, albeit on different grounds.

Based on the foregoing, we affirm the circuit court's July 17, 2023 Final Judgment.

DATED:  Honolulu, Hawaiʻi, April 30, 2026.

On the briefs:

Jonathan E. Burge,
for Plaintiff-Appellant.

Gail Y. Cosgrove,
Deirdre Marie-Iha,
Maegan A. Ruggles,
Lindsey N. Barrios,
(Goodsill Anderson Quinn &
Stifel),
for Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge