Ruffin, C. J.
 

 The act of 1784 gives to a widow, who dissents from the will of her husband in the manner therein pointed out, dower and a distributive-share of the personal estate. Jn 177G, the Legislature .gave to the widow of a man dying intestate, a year’s provision for herself and her family out of his personal estate. And by the acts of 1827 and 1835,
 
 Rev. St. c.
 
 121,
 
 s,
 
 22, it is provided, that where a widow shall -enter her dissent from her husband’s will, within six months after the probate, she may file her petition in the Court where the probate was made, and shall recover one year’s provision, as if the husband had died intestate, which the executor shall pay in preference to all other claims. There is no doubt, when the latter acts speak of the widow *■ entering her dissent from her husband’s will within six months after the probate,” that reference is had to the provisions of the act of 1784, which originally gave the widow the privilege of dissenting, and is incorporated into the same chapter of the Revised Statute, and forms the first section of it. We are, then, to look to the act of ’84 for the time and manner a widow is to dissent from her husband’s will. The words are, si that if any person .shall
 
 *276
 
 make his last will and testament, and not therein make provision for his wife, by giving or devising to her such part of his real or personal estate, or to some other for her use, as shall be fully satisfactory to her, such widow may signify her dissent thereto before the Judge of the Superior Court, or in the County Court of the County wherein she resides, in open Court, within six months after the probate of the said will; and then she shall be entitled to dower,” &c. The question is, whether, upon the construction of this enactment, a widow’s dissent must be her personal act in Court, or may be declared through another person, as by an agent constituted by letter of attorney, or, as in this case, by counsel or an attorney of the Court, Upon that question, this Court entertains the opinion held in the Court below.
 

 A very material observation, in the first place, is, that ever since the act passed, the course has been for the widow herself to come into Court and declare her dissent, as her personal act. This shows very strongly how the act was in the beginning intended and understood, and what is the settled sense of the profession as to the proper construction. For it is almost always opposed to'the feelings of a widow, in the state of grief from her recent bereavement, to declare publicly her dissatisfaction with her husband’s provision for her, after one of his last acts in relation to her; and there can be no doubt, if it had not been thought that her presence personally in Court was indispensable, that the practice would have been as uniform to signify her dissent by letter, or by attorney. as it has, in fact, been for her to do it in her own person. We have enquired from the counsel in this case, and from others, whether the dissent of the widow has ever been received, unless declared -by herself to the Court; and all agree, that it was never done. The construction must be conclusive, after having been so dong and so uniformly acted on. It has been deemed so obviously the true one, that the Court and the Bar have
 
 *277
 
 acted on it, without any question having been made of its correctness until the present time.
 

 But, independent of the precedents, we should think that the proper construction of the act, from its language and the nature of the subject. The thing to be done is the act of election by the widow, whether she will take under her husband’s will or by the law, and, like other cases of election, it is, naturally, to be the act of the party lierself. In this case, however, she is not merely to elect and signify to the heirs and executor, that she has done so, in any manner that may be convenient to her, or after she may have had time, from the settlement of the estate, to ascertain whether it would be more to her advantage to abide by the will or not; but she is obliged at all events within six months, and to do so “ in open Court.” The reasons for those instructions are plain. Before that time, the wife had no absolute right in the husband’s personal estate, but he might in his life time or by his will give the whole of if away from her. That was altered by providing that she should have a distributive share of it, provided she elected to take it, as therein prescribed, But it is clear, that the law leans against disturbing the husband’s will, except in cases of plain injustice to the wife, and, then, only so far as may be requisite to make the provision for her equal to that the law would have given her, if there had been no will. Independent of the consideration, that this provision in her favor is a new one, and, therefore, that she must be content with it as it, is given, and strictly observe the terms upon which she is to be entitled to it, the business of the estate and the interests of creditors and other legatees made it proper, that she should in some reasonable and short time make her election, and also so declare it as to furnish incontestable evidence of if, and conclude her and all persons having claims on or to the estate. Hence, she is limited to six months in point of time ; and required to signify her dissent, either in the Superior or County Court, “ in
 
 *278
 
 open Court ” The object was to have record evidence, both as to the time and the fact; to which all persons might have access, and which could not under any circumstances be controverted. In its nature, therefore, the act is one to be done by the party herself. She could not be represented, as in this case, by counsel or an attorney of the Court merely as such: for there was no suit or any proceeding of that nature, in which the widow, as a parity, could appear by attorney. It is an act out of the scope of the ordinary capacity of an attorney or counsel. If it had been done by letter of attorney being
 
 ex parle,
 
 and in the absence of the widow herself, the executor and heir, it would be open to subsequent denial by her, that she executed the power oí attorney; and, thus, the other parties would be exposed to all those inconveniences, thatv would arise, if' the widow had the unfettered power of electing at any reasonable time, or in any manner, express or implied, instead of the particular mode specified in the statute. The very terms “ such widow .shall dissent in open Court,” import, that she must
 
 in propria persona.
 
 And there are not only the reasons for it, just adverted to, but it is proper, as a wholesome restraint upon a woman against capriciously dissenting from the will of her husband, or doing so for uncertain or inconsiderable gains. It was so regarded by us in
 
 Graven
 
 v.
 
 Graven,
 
 2 Dev. Eq, 338, 346, where it is said, that “ it is a check to the temptations to widows to dissent, where a sense of propriety ought' to forbid them, that the dissent must be •expressed, while the memory of the deceased is fresh in their minds, and must be declared, not in a chamber, where the influence of public sentiment may be disregarded, but in open Court of their Countythus clearly conveying the idea, that the widow’s dissent is her personal act in open Court, and not
 
 in pais.
 
 We may-add, in the language of that case, that “ an, interpretation upon these statutes is not commended to us by i.ts tendency to remove
 
 this check
 
 upon the abuse of a
 
 *279
 
 power, to which there is (unavoidably, perhaps,) a strong" temptation.”
 

 The case has been hitherto considered merely as a question of law, upon the construction of the statute, and without adverting to the particular circumstance of the petitioner’s sickness, which is stated' in this case. That, however, cannot affect the decision. If, in itself, it were material, it could not operate here, because it is not alleged in the petition-, as an excuse for omitting 1o dissent in the proper manner, but the petition states that she did duly dissent. But if the petition had been otherwise framed and had set out that excuse, it would have made no difference. The County Court can only proceed on a dissent declared and entered according to the statute. If there be any equitable ground, on which a widow can claim still to have her election, any reason why she should be deemed not to have forfeited it, although it may be gone at law, the Court of Equity must be asked to consider and relieve upon them. Whether that Court would in any case interfere with the operation of the act, where there had been no fraud bythe other claimants of the estate, or would do so upon this particular circumstance, we do not undertake to determine, or intimate. But we hold for the present, that this proceeding will not lie, and that the judgment must be affirmed.
 

 Per Curiam. . Judgment affirmed.