*H. G. Middleditch* for plaintiff.

*W. H. Beers* and *I. M. Stainback* for defendant.

---

## TERRITORY *v.* CHARLES E. THOMPSON.

### No. 1307.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

ARGUED SEPTEMBER 12, 1921.          DECIDED OCTOBER 3, 1921.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DeBOLT
IN PLACE OF COKE, C. J., ABSENT.

CRIMINAL LAW—*inconsistent verdict.*

Where four persons are jointly indicted and tried together for the same alleged offense and the evidence in effect is in every respect the same against all of them and diametrically in conflict with the evidence in their favor a verdict finding one guilty and the other three not guilty is inconsistent and invalid and will be set aside.

OPINION OF THE COURT BY EDINGS, J.

The defendant-plaintiff in error, Charles E. Thompson, together with Willie Thompson, Mailani Morton and Willie Malie, was tried in the circuit court of the second circuit of this Territory on an indictment charging that they the

said "Charles E. Thompson, Willie Thompson, Mailani Morton and Willie Malie, all of the District of Makawao, County of Maui, Territory of Hawaii, on the fifteenth day of May, in the year of our Lord, one thousand nine hundred and twenty, at and in the District of Makawao aforesaid, did feloniously take, steal and carry away certain things of marketable, salable and assignable value, to wit, one red Poly heifer and two black bulls, each of the age of about one year, and of the value of forty dollars each, and of the total value of one hundred and twenty dollars in money of the United States of America, the property of Edgar Morton, then and there being, and did then and there and thereby commit the crime of larceny in the first degree, contrary to the form of the statute in such case made and provided." Under this indictment the jury found "the defendant Charles E. Thompson guilty as charged, and the defendants Willie Thompson, Mailani Morton and Willie Malie not guilty," to which verdict the defendant Charles E. Thompson duly excepted and moved that the verdict be set aside and vacated upon the following grounds: "That the said verdict is against the law and contrary to the proper instructions of the court and unauthorized; that said verdict is contrary to the evidence in the case and against the weight of evidence and the evidence introduced at the trial is insufficient to support the said verdict, among other things in that: (a) the evidence is wholly insufficient to establish beyond a reasonable doubt that the defendant feloniously took cattle belonging to one Edgar Morton; (b) the evidence is inconsistent with the fact of guilt on the part of defendant; (c) the evidence shows that the three head of cattle, subject of larceny herein, were wild and unbranded cattle, having no lawful owner," and other reasons in said motion specifically set forth, which said motion was duly presented and denied and an exception taken and allowed. The denial of this motion is made the

subject of defendant-plaintiff in error's assignment of error numbered three.

The attorney general in his opening statement to the jury said: "We will show you that the animals in question were domesticated animals and raised in Mr. Morton's home paddock until months old, or eight months old perhaps; that they were then turned into the upper ranch or paddock, and remained there until the 15th day of May, or thereabouts. We will show you that on the 15th day of May, by several witnesses, that these three boys or young men, who are employes of Mr. Thompson, were seen bringing these three animals out of Morton's paddock, leading them down, one of the boys leading two of the animals, the second leading one, and the third boy coming behind with the mule. We will show you that the animals in question were taken by these three boys into Thompson's home paddock, where his slaughter-house is. We will prove by credible witnesses and testimony that these animals which were brought down that day were the animals of Mr. Morton, recognized as such by two parties who knew these animals before." The above in substance was all he, the attorney general, proposed to prove. He, as will be observed, does not state that he would show any conspiracy or concerted action between the boys on one hand and Thompson on the other or that Thompson directed the said Willie Thompson, Mailani Morton and Willie Malie to take the cattle, or knew that they had taken them or that the cattle had been stolen.

The defense of all the defendants, particularly of the said Willie Thompson, Mailani Morton and Willie Malie, was that they found the cattle on the government land, that they were wild animals and that they were not the subject of larceny.

All of the evidence adduced by the Territory was in support of its contentions and against that of the defendants, while all of the evidence adduced by the defendants was in

support of their contention and against those of the Territory. The respective contentions were clear-cut, definite and diametrically opposed to each other. The jury was bound upon the evidence before it to find that one or the other of these theories or contentions was correct, not both, and a finding and verdict based thereupon that in the case of the said Willie Thompson, Mailani Morton and Willie Malie the animals were wild, not belonging to any one and not subject to larceny; and in the case of the defendant-appellant Thompson the same animals were tame, the property of Edgar Morton and were feloniously stolen, is neither responsive to the evidence, in accord with reason nor reconcilable with their oaths as jurymen.

In *State* v. *Mainor*, 28 N. C. 274, the two defendants were tried for fornication and the man convicted and the woman acquitted. The court held that after the acquittal of one defendant there could be no judgment against the other, the evidence being identical against both; that from the same evidence the jury could not find that the sexual intercourse was innocent upon the part of one of the parties and criminal upon the part of the other. In *People* v. *Massett*, 55 Hun 606, 7 N. Y. S. 839, the defendant and two others were indicted for robbery. The prosecuting witness testified that while in defendant's saloon he was pushed and held down by all three and his money was forcibly taken from his trousers pocket by defendant, the two others all the while assisting. Defendant's evidence was to the effect that on the refusal of the prosecuting witness to pay for his drinks he was ejected from the saloon, and that he was not pushed down nor in any way assaulted further than being shaken by defendant who took hold of the lapels of his coat on his refusal to pay for the drinks. Held, that a verdict convicting defendant and acquitting his two codefendants was inconsistent and is invalid. The court said: "The jury, in the consideration of this evidence, either must have

violated their oaths in the acquittal of Cornell and Lull or in the conviction of Massett, because, as already stated, the evidence against the one was precisely the same as the evidence against the others. They were all engaged in the robbery, or none of them. * * * Juries should not be permitted to render verdicts which are so inconsistent the one with the other." See also *Davis* v. *State*, 23 So. 770.

Where the offense is not in its nature joint—and that is the nature of the case at bar—but two or more are jointly indicted and tried before the same jury, for the same offense, though not joint in its nature, the jury may, if the evidence warrants the difference in the findings, convict one, acquit another and disagree as to a third, but the findings must be responsive to the evidence. Where the evidence is identically the same against all no jury can be permitted to make a difference in their cases by a purely arbitrary finding.

This being true the conviction of the defendant-plaintiff in error Thompson was without any basis and the judgment of the circuit court adjudging him guilty of the crime of larceny is reversed and the defendant-plaintiff in error is discharged.

*L. Andrews* and *E. Murphy* (*E. Murphy* on the brief) for plaintiff in error.

*E. Vincent* (*H. Irwin*, Attorney General, with him on the brief) for defendant in error.