**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000257
27-AUG-2024
07:48 AM
Dkt. 193 SO**

NO. CAAP-20-0000257

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HUI LIU, Plaintiff-Appellant,
v.
MIKE MANKONE SOU; ALEC SPOUPHONE SOU; A.M. ENTERPRISES, LLC,
and ALOUN FARM, INC., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171001944)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Hui **Liu** appeals from the **Judgment** for Alec Spouphone Sou, Mike Mankone Sou, **Aloun Farm**, Inc., and A.M. Enterprises, LLC (**AME**) entered by the Circuit Court of the First Circuit on February 19, 2020.[1]  We affirm.

Alec Sou and Mike Sou are officers of Aloun Farm and AME.  Aloun Farm had the right to use 78 acres of Hawaiian home lands in Honouliuli (the **Land**) for agriculture.  AME managed the Land for Aloun Farm.

In September or October of 2016, Liu approached Mike **Sou** seeking land to farm basil.  Liu didn't speak, read, write, or understand English.  Liu and Sou spoke in Mandarin.  Sou gave Liu a contract (the **Grower's Agreement**) to take home to review. Liu testified that when he received the Grower's Agreement he:

_____

[1]     The Honorable Dean E. Ochiai presided.

didn't have any friends that could read or understand English; didn't ask anyone to review or translate the contract; didn't hire an attorney to review the contract; and wasn't forced or threatened to sign it.  He signed the Grower's Agreement and returned it to Sou on October 18, 2016.

The Grower's Agreement gave Liu the right to farm about 10 acres of the Land for one year, with four one-year renewal options, subject to AME's right "to withdraw all or a portion of the Farm Land which [Liu] is allowed to farm" upon 60 days notice, "with or without cause[.]"  AME had the right of first refusal to purchase Liu's crops at prevailing market rates.

By letter dated August 22, 2017, AME terminated the Growers Agreement.  Liu sued on November 28, 2017.  After a jury-waived trial, the circuit court entered findings of fact (**FOF**) and conclusions of law (**COL**) on September 25, 2019.  The Judgment was entered on February 19, 2020.  This appeal followed.

Liu raises 13 points of error, challenging certain FOFs and COLs.  He contends the circuit court erred in: (1) COL 13, by failing to consider the duty to disclose "the whole truth" in tort and misrepresentation cases; (2) COL 13, by failing to consider the applicability of Hawaii Revised Statutes (**HRS**) § 480-12; (3) COL 17, by applying the parol evidence rule; (4 & 5) COL 13, by not concluding there was deception and fraud, which made COL 28 gratuitous; (6) FOFs 26-29 and COLs 5, 12, 13, and 40, by not applying the "likely to influence consumer decision-making" standard; (7) COL 17, by not holding HRS Chapter 480 applied; (8) COLs 15 and 16, by failing to conclude the elements of misrepresentation and deception had been proven; (9) FOFs 19-23 and COLs 14-16, holding against an illiterate consumer; (10) COL 19 and 26, by failing to consider unfairness and unconscionability; (11) failing to consider forfeiture; (12) in COLs 11 and 12, by upholding the validity of the notice of termination; and (13) in conjunction with other FOFs (apparently 33-43) as a result of "Defendants' Crafty Plan to Bring about Confusion[.]"  Liu also challenges FOF nos. 8, 25,

and 47.  We address Liu's arguments to the extent we are able to discern them.

We review findings of fact under the *clearly erroneous* standard.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  We review conclusions of law under the *right/wrong* standard.  Id.  When a determination presents mixed questions of fact and law, we review it under the *clearly erroneous* standard because the trial court's conclusions are dependent on the facts and circumstances of each case.  Id.

## Findings of Fact

The circuit court found:

> 8.  This lawsuit arises out of a contract ("Grower's Agreement") between [Liu] and AME for the use of approximately 10 acres of land ("subject property") for the purposes of farming basil in Kapolei, Hawaii[.]

Liu argues FOF no. 8 is clearly erroneous because "[t]here is no document captioned 'Grower's Agreement.'"  The contract at issue is titled "Agreement."  The circuit court referred to it as the "Grower's Agreement" because it referred to Liu as the "Grower."  Liu does not otherwise challenge FOF no. 8.  It is not clearly erroneous.

The circuit court found:

> 25.  The Grower's Agreement is clear and unambiguous on its face[.]

The determination whether a contract is ambiguous is a conclusion of law that is freely reviewable on appeal.  Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawaiʻi 36, 45, 305 P.3d 452, 461 (2013).  A contract is ambiguous if its terms are reasonably susceptible to more than one meaning.  Id.  The Grower's Agreement is not ambiguous.  FOF no. 25 was not wrong.

The circuit court found:

26. Paragraph 3 of the Grower's Agreement contains a termination provision, which allows AME to terminate the Agreement with 60-days notice with or without cause[.]

27. Paragraph 27 of the Grower's Agreement provides that notices are to be sent by AME to [Liu] at his home address by registered or certified mail[.]

28. The Grower's Agreement granted Defendants a right of first refusal for the sale of [Liu]'s basil crop[.]

The construction and legal effect to be given a contract are conclusions of law freely reviewable on appeal. Ass'n of Seventh-Day Adventists, 130 Hawai'i at 45, 305 P.3d at 461. FOFs 26 and 28 are not wrong. FOF 27 is wrong because the Grower's Agreement does not refer to a "home address[.]" But as discussed below, the letter terminating the Grower's Agreement was properly addressed and mailed. The error is harmless.

The circuit court found:

29. [Liu] sold his basil crop to distributors other than [Aloun Farm] and AME without providing Defendants a right of first refusal[.]

Liu makes no argument about why this finding was clearly erroneous. His challenge is waived. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

The circuit court found:

33. On August 22, 2017, AME terminated the Grower's Agreement, providing 60-days notice as required under Paragraph 3 of the Grower's Agreement and sent the Termination Letter by certified mail[.]

34. The effective termination date of the Grower's Agreement was 60-days following the mailing of the termination letter, October 21, 2017[.]

35. Although the Termination Letter was returned as undeliverable, the Termination Letter was sent as required under the Grower's Agreement to [Liu]'s home address[.]

36. There is no evidence that the Termination Letter was returned due to improper service[.]

4

Exhibit D-5 was the Termination Letter. It is dated August 22, 2017. It was addressed to "Mr. Liu Hui," which was the name for "Grower" shown in the Grower's Agreement, at the address shown in the Grower's Agreement. Exhibit D-13 is the envelope showing the Termination Letter was certified-mailed on August 22, 2017, and returned to sender with the notation "Attempted — Not Known Unable to Forward." October 21, 2017 is 60 days after August 22, 2017. FOFs 33, 34, 35, and 36 are not clearly erroneous.

The circuit court found:

> 39. In [Liu]'s Declaration dated November 28, 2017, [Liu] indicated that he was aware of the termination of his Grower's Agreement at the time of meetings with AME, Royal Contracting Company, and D.R. Horton in August 2017[.]

Liu's brief does not cite to the record where his declaration can be found. We are not obligated to search the record for information that should have been provided by Liu. See Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007). We decline to review FOF no. 39 for error.

The circuit court found:

> 43. [Liu] testified that he cut the lock at the direction of his attorney following a court order. No such court order exists[.]

Liu's brief cites to the transcript of proceedings on September 17, 2019, but the cited testimony does not mention cutting a lock or a court order. Liu's brief cites to the temporary restraining order entered on November 29, 2017, but we are unable to correlate the restraining order to Liu's testimony. We decline to review FOF no. 43 for error. See Otaka, Inc., 114 Hawaiʻi at 480, 164 P.3d at 738.

The circuit court found:

> 47. Following the capping of the water, [Liu] voluntarily vacated the subject property[.]

Liu makes no argument about why this finding was clearly erroneous. His challenge is waived. HRAP Rule 28(b)(7).

### Conclusions of Law

The circuit court concluded:

3.    [Liu]'s claims arise out of the Grower's Agreement, termination of the Grower's agreement, and the capping of the water supply to the subject property[.]

4.    [Liu] claims he did not receive proper notice of the termination of the Grower's Agreement[.]

5.    [Liu] failed to introduce sufficient evidence, by a preponderance of the evidence, that the termination was improper pursuant to the Grower's Agreement and that he did not receive proper notice of the termination[.]

6.    Defendants presented evidence that the Termination Letter was sent to [Liu] by certified mail, as required by Paragraph 27 of the Grower's Agreement[.]

7.    [Liu] attempts to argue he did not physically see a copy of the Termination Letter, but failed to introduce credible evidence sufficient to support his allegations[.]

8.    Defendants presented testimony from Alec Sou that the Termination Letter had been sent accordingly, and later introduced into evidence (Defendants' Exhibit D-13) the actual envelope containing the Termination Letter sent on August 22, 2017[.]

9.    The envelope was addressed with the proper address pursuant to Paragraph 27 of the Grower's agreement[.]

10.   The envelope was addressed to Liu Hui, also known as Hui Liu, both names which [Liu] has used[.]

11.   Pursuant to Paragraph 27 of the Grower's Agreement the fact that [Liu] claims he did not actually read the Termination Letter is not relevant because the Termination Letter was sent via certified mail to the address listed in the Grower's Agreement[.]

12.   Accordingly, the Grower's Agreement was terminated effective 60 days from the date the Termination Letter was sent on August 22, 2017, which is October 21, 2017[.]

As discussed above, the letter terminating the Grower's Agreement was properly addressed and certified mailed on August 22, 2017. Liu does not cite to the record or quote testimony or an offer of proof to the contrary. Paragraph 27 of

the Grower's Agreement provides that notice "shall be deemed conclusively to have been given on the date of such mailing[.]" October 21, 2017 is 60 days after August 22, 2017. COL nos. 3-12 are not wrong.

The circuit court concluded:

> 13. Although the reasons why the Grower's Agreement was terminated are in dispute, the reason is irrelevant according to Paragraph 3 of the Grower's Agreement, which allowed for termination with or without cause[.]

Liu argues "COL 13 shows that the Circuit Court refused to take into consideration anything but contract law." The circuit court correctly applied the unambiguous words of paragraph 3 of the Grower's Agreement. COL no. 13 is not wrong.

The circuit court concluded:

> 15. [Liu] failed to introduce any clear and convincing evidence that Defendants committed fraud, misrepresentation, or deception in any communications between the parties regarding the Grower's Agreement[.]
>
> 16. There was no credible evidence at trial that Defendants made misrepresentations regarding the terms of the Grower's Agreement or otherwise deceived [Liu] with respect to the terms[.]

These are mixed findings and conclusions. Liu testified he told Sou he "wanted five years" and Sou "said it's doable." He was given the Grower's Agreement and was told, "you take it back, and then you come back to sign it." He testified, "I -- I could not read it and I did not read it." The Grower's Agreement gave Liu the right to farm the Land for one year, with four one-year renewal options, subject to AME's right "to withdraw all or a portion of the Farm Land which [Liu] is allowed to farm" upon 60 days notice, "with or without cause[.]" Liu cites no other evidence of fraud, misrepresentation, or deception. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360

7

(2006) (citation omitted). COL nos. 15 and 16 are not clearly erroneous.

The circuit court concluded:

> 17. The parol evidence rule is applicable so that it is unnecessary to look beyond the Grower's Agreement itself. The terms and conditions are clear and unambiguous; therefore, evidence regarding the pre-contract negotiations and opinions of the parties are unnecessary to interpreting the terms and conditions of the contract.

The parol evidence rule precludes the use of extrinsic evidence to vary or contradict the terms of an unambiguous contract. Ass'n of Seventh-Day Adventists, 130 Hawai'i at 45, 305 P.3d at 461. Liu claims — without citing to the trial transcript — that he was asked, "What did Mr. Sou tell you as far as the term, the length of the agreement, for you to occupy those ten acres was concerned?" He claims defense counsel objected based on the parol evidence rule. He claims the circuit court sustained the objection. He correctly argues that parol evidence is admissible to show fraud. See Pancakes of Haw., Inc. v. Pomare Props Corp., 85 Hawai'i 300, 310-11, 944 P.2d 97, 107-08 (App. 1997). But he did not argue that his answer would show fraudulent inducement, or otherwise make an offer of proof to the circuit court. See State v. Lessary, 83 Hawai'i 280, 288, 925 P.2d 1104, 1112 (App. 1996) ("An offer of proof (1) permits the [trial] judge to consider further the claim for admissibility and (2) creates a record to be used by the appellate court in determining whether the judge's ruling sustaining an objection was proper." (cleaned up)). Moreover, he was allowed to testify that he told Sou he "wanted five years" and Sou "said it's doable." On this record, we cannot conclude that COL no. 17 was wrong.

The circuit court concluded:

> 18. Since there is no evidence of any fraud, misrepresentation, or deception by Defendants related to [Liu]'s signing of the Grower's Agreement, all other claims based on the signing of the Grower's Agreement, including any claims of conspiracy fail[.]

8

Liu does not cite to the record or quote evidence or an offer of proof that would show fraud, misrepresentation, or deception by the defendants-appellees. We cannot conclude that COL no. 18 was wrong.

The circuit court concluded:

> 19. [Liu] claims that the Grower's Agreement was unconscionable[.]
>
> . . . .
>
> 26. The 60-day termination clause in itself is not unconscionable[.]

Liu's brief cites no legal authority to support his argument that a 60-day notice of termination clause is per se unconscionable. He improperly incorporates by reference the memorandum in support of his motion for summary judgment filed in circuit court. We disregard his claim of error. See Kapiolani Com. Ctr. v. A&S P'ship, 68 Haw. 580, 584, 723 P.2d 181, 184-85 (1986) (disregarding arguments made to trial court incorporated by reference in appellate brief).

For these reasons, the Judgment entered by the circuit court on February 19, 2020, is affirmed.

DATED: Honolulu, Hawaiʻi, August 27, 2024.

On the briefs:

Charles S. Lotsof,
David A. Kwock,
for Plaintiff-Appellant.

Steven K. Hisaka,
for Defendants-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge