**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000718**
**25-APR-2025**
**09:34 AM**
**Dkt. 97 SO**

NO. CAAP-21-0000718

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DENNIS TSUGIO NAGATA, D.D.S., INC.,
a Hawaii Professional Corporation,
Plaintiff-Appellant/Cross-Appellee,
v.
DARRYL WONG; LILIHA PROFESSIONAL BUILDING LLC,
a Hawaii Limited Liability Company,
Defendants-Appellees/Cross-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10;
and DOE TRUSTS 1-10, Defendants

and

LILIHA PROFESSIONAL BUILDING LLC,
a Hawaii Limited Liability Company,
Counterclaim Plaintiff-Appellee/Cross-Appellee,
v.
DENNIS TSUGIO NAGATA, D.D.S., INC.,
a Hawaii Professional Corporation,
Counterclaim Defendant-Appellant/Cross-Appellee,
and
DENNIS TSUGIO NAGATA, individually,
Counterclaim Defendant-Appellee/Cross-Appellant,

and

DARRYL WONG; LILIHA PROFESSIONAL BUILDING LLC,
a Hawaii Limited Liability Company,
Third-party Plaintiffs-Appellees/Cross-Appellees,
v.
DEBORAH KOBAYASHI; INDIVIDUALLY AND DELPHINE WONG AND DEBORAH
KOBAYASHI, CO-TRUSTEES OF THE WILLIE AND DELPHINE WONG TRUST,
Third-party Defendants-Appellees/Cross-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181000981)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone, and McCullen, JJ.)

This appeal arises out of a commercial lease dispute between Plaintiff/Counterclaim Defendant-Appellant/Cross-Appellee Dennis Tsugio Nagata, D.D.S., Inc. (**DTN**) and Counterclaim Defendant-Appellee/Cross-Appellant Dennis Tsugio Nagata, individually (**Nagata**), on the one hand, and Defendant/Third-Party Plaintiff-Appellee/Cross-Appellee Darryl Wong (**Wong**) and Defendant/Counterclaim Plaintiff/Third-Party Plaintiff-Appellee/Cross-Appellee Liliha Professional Building, LLC (**LPB**), on the other hand. DTN appeals from the December 2, 2021 "Final Judgment," and Nagata cross-appeals from the December 2, 2021 "Order Denying . . . Nagata's Motion for Award of Attorneys' Fees and Costs Filed September 2, 2020" **(Order Denying Attorneys' Fees)**,[1] both entered by the Circuit Court of the First Circuit (**Circuit Court**).[2] After resolving a series of summary judgment, partial summary judgment and other pretrial motions, the Circuit Court entered judgment in favor of Wong and LPB on the respective claims asserted against them in DTN's Complaint, which alleged

---

[1] We construe Nagata's cross-appeal as an appeal from the Final Judgment, which was entered 20 minutes after the Order Denying Attorneys' Fees.

[2] The Honorable James J. Ashford presided.

DTN also challenges the following orders entered by the Circuit Court: (1) the May 10, 2019 "Order Denying [DTN's] Motion for Leave to Amend Complaint Filed April 1, 2019"; (2) the May 10, 2019 "Order Granting . . . Wong's Motion for Summary Judgment Filed April 4, 2019"; (3) the October 3, 2019 "Order Granting . . . Wong's Motion for Attorney's Fees and Costs Filed May 24, 2019"; (4) the December 2, 2019 "Order Granting in Part and Denying in Part [LPB's] Motion for Summary Judgment"; (5) the December 2, 2019 "Order Denying [DTN's] Motion for Partial Summary Judgment on Counts I and III of the Complaint"; (6) the December 2, 2019 "Order Denying [DTN's] Motion for Partial Summary Judgment on Counts II, IV and V of the Complaint"; (7) the January 28, 2020 "Order Denying [DTN's] Motion to Compel Financial Net Worth Documents from [LPB]"; (8) the February 20, 2020 "Order Denying (1) [DTN's] Motion for Partial Summary Judgment on Counts II, III and IV of the Complaint, Filed January 7, 2020; and (2) [LPB's] Oral Motion for Summary Judgment on Count II of the Complaint"; (9) the May 20, 2020 "Order Denying [DTN's] Motion for Partial Summary Judgment on Count III of the Complaint, Filed April 9, 2020"; (10) the June 16, 2020 "Order Denying [DTN's] Motion to Compel the Production of Documents from [LPB] and . . . Wong, Filed on March 31, 2020"; (11) the June 22, 2020 "Order Granting [LPB's] Motion for Summary Judgment, Filed April 10, 2020"; (12) the December 2, 2020 "Order Denying [DTN's] Motion for Award of Attorneys' Fees and Costs Filed June 9 2020"; and (13) the December 2, 2020 "Order Granting [LPB's] Motion for Attorneys' Fees and Costs Filed June 17, 2020."

the following: intentional interference with contractual relations/prospective economic advantage (**IICR/IIPEA**) (Count I); unjust enrichment (Count II); breach of contract (Count III); breach of the implied covenant of good faith and fair dealing (Count IV); and detrimental reliance/promissory estoppel (Count V).

On appeal, DTN contends that the Circuit Court erred or, as applicable, abused its discretion in:  (1) denying DTN's April 1, 2019 motion for leave to amend the Complaint "when there was no stated reason for denying the motion"; (2) granting Wong's April 4, 2019 motion for summary judgment (**MSJ**) "by failing to apply the proper standard set by the Hawaiʻi Supreme Court for IIPEA"; (3) granting Wong's May 24, 2019 motion for attorneys' fees and costs; (4) granting in part LPB's October 11, 2019 MSJ on Counts I (on the IICR claim only), II (on the issue of the furniture, fixtures, and equipment (**FF&E**)), and Count V, "where ([a] the wrong legal standard was applied to Count I[,] ([b]) there are genuine issues of material fact and error of law in granting Count II[, and] ([c]) there are genuine issues of material fact and an error of law in granting Count V"; (5) denying DTN's October 18, 2019, January 7, 2020, and April 9, 2020 motions for partial summary judgment (**MPSJ**) on Count III, "because LPB did not properly raise any genuine issues of material fact"; (6) denying DTN's November 27, 2019 and March 31, 2020 motions to compel production of financial net worth documents "where DTN presented a prima facie case for punitive damages"; (7) granting LPB's April 10, 2020 MSJ on Counts I (on the IIPEA claim only), II, III, and IV "because there are genuine issues of material fact and errors of law"; and (8) granting LPB's June 17, 2020 motion for attorneys' fees and costs.

On cross-appeal, Nagata contends that the Circuit Court abused its discretion and committed an error of law in denying Nagata's September 2, 2020 motion for attorneys' fees and costs.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve DTN and Nagata's contentions as follows, and affirm.

## I.  Discussion

We first address DTN's appeal, followed by Nagata's cross-appeal.  As to DTN's appeal, we group its points of error into the following four categories and address each in turn: DTN's claims against LPB, DTN's claims against Wong, procedural and discovery issues, and attorneys' fees and costs.

## A.  DTN's Claims Against LPB (Points of Error 4, 5, and 7)

In its fourth and seventh points of error, DTN contends that the Circuit Court erred in granting LPB's MSJs on Counts I through V of the Complaint.  In its fifth point of error, DTN contends that the Circuit Court erred in denying DTN's October 18, 2019, January 7, 2020, and April 9, 2020 MPSJs on Count III. We address the parties' arguments regarding each Count below.

### 1.  IICR/IIPEA Claim (Count 1)

Count I appears to allege claims for both IICR and IIPEA.  DTN asserts error with respect to both claims.

#### a.  IICR Claim

DTN contends that the Circuit Court erred in granting summary judgment in favor of LPB on the IICR claim "because the facts favor DTN or genuine issues of material fact exist."

To prevail on a claim for intentional or tortious interference with contractual relations,[3] the plaintiff must prove the following elements:

> (1) a contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional inducement of the third party to breach the contract; (4) the absence of justification on the defendant's part; (5) the subsequent breach of the contract by the third party; and (6) damages to the plaintiff.

Buscher v. Boning, 114 Hawaiʻi 202, 215 n.6, 159 P.3d 814, 827 n.6 (2007) (emphasis added) (quoting Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaiʻi 251, 267 n.17, 151

---

[3]     We use the acronyms IICR and IIPEA rather than TICR and TIPEA because the parties and the Circuit Court referred to DTN's claims as IICR and IIPEA claims throughout the litigation.

P.3d 732, 748 n.17 (2007)); see Meridian Mortg., Inc. v. First Hawaiian Bank, 109 Hawaiʻi 35, 44, 122 P.3d 1133, 1142 (App. 2005) (to prevail on an IICR claim, "'the plaintiff must show that a breach has occurred . . . .' It is quite apparent that under Hawaiʻi law a breach is required." (citation omitted) (quoting Weinberg v. Mauch, 78 Hawaiʻi 40, 50, 890 P.2d 277, 287 (1995))).

Here, DTN alleged that it entered into a Bill of Sale agreement with Liliha Dental Limited Liability Company (**Liliha Dental**) to sell DTN's FF&E pending an executed new lease between Liliha Dental and LPB, and that Wong's failure to sign the new lease on behalf of LPB constituted unjustified interference with the Bill of Sale. The Circuit Court granted LPB's MSJ as to DTN's IICR claim "because [DTN] admits that the Bill of Sale was not breached, and Liliha Dental has not breached any agreement with [DTN.]"

Indeed, the undisputed evidence showed that the Bill of Sale was not breached, and on appeal, DTN does not argue otherwise. Accordingly, LPB showed there was no genuine issue of material fact as to an essential element of DTN's IICR claim, *i.e.*, that Liliha Dental breached the Bill of Sale; in turn, DTN failed to make a showing sufficient to establish the existence of this essential element. See Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018); Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 302, 172 P.3d 1021, 1046 (2007). The Circuit Court did not err in granting summary judgment in favor of LPB on the IICR claim.

### b. IIPEA Claim

DTN contends that the Circuit Court erred in granting summary judgment in favor of LPB on the IIPEA claim because "multiple genuine issues of material fact exist on each element of the . . . claim."

To prevail on a claim for intentional or tortious interference with prospective economic advantage, the plaintiff must prove the following elements:

> (1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff; (2) knowledge of the relationship, advantage, or expectancy by the defendant; (3) a purposeful intent to interfere with the relationship, advantage, or expectancy; (4) legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and (5) actual damages.

Buscher, 114 Hawaiʻi at 216 n.7, 159 P.3d at 828 n.7 (quoting Kahala Royal Corp., 113 Hawaiʻi at 267 n.18, 151 P.3d at 748 n.18).

Here, DTN alleged that it entered into the Bill of Sale with Liliha Dental, and that Wong's failure to sign the new lease on behalf of LPB constituted unjustified interference with "[DTN's] foreseeable prospective economic advantage concerning the sale of its practice shell FF&E to Liliha Dental." The Circuit Court granted LPB's MSJ as to DTN's IIPEA claim, reasoning that there was no genuine issue of material fact that: (1) there was no prospective advantage between DTN and Liliha Dental that was not already reduced to a contract (*i.e.*, the Bill of Sale), leaving no basis for an IIPEA claim; (2) LPB's refusal to sign the new lease was not an act of interference; and (3) LPB had no purposeful intent to interfere.

We agree with the Circuit Court that the Bill of Sale was an existing contract, and DTN presented no evidence of any other prospective advantage or expectancy in relation to Liliha Dental that had a reasonable probability of maturing into a future economic benefit to DTN. See Hawaii Medical Ass'n v. Hawaii Medical Service Ass'n, 113 Hawaiʻi 77, 116, 148 P.3d 1179, 1218 (2006) (to establish the first element of an IIPEA claim "there must be a colorable economic relationship between the plaintiff and a third party with the potential to develop into a full contractual relationship" (emphasis omitted) (quoting Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1357 (9th Cir. 1987))). Given the existence of the Bill of Sale, and the absence of any evidence of any other prospective advantage or expectancy, DTN's claim, if any, was an IICR, not an IIPEA, claim. DTN's IICR claim failed for the reasons discussed above. As to the IIPEA claim, the Circuit Court did not err in granting

summary judgment in favor of LPB.

   **2.   Unjust Enrichment (Count II)**

DTN contends that the Circuit Court erred in granting summary judgment in favor of LPB on the unjust enrichment claim with respect to the FF&E.

"A valid 'claim for unjust enrichment requires only that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust.'" Porter v. Hu, 116 Hawaiʻi 42, 55, 169 P.3d 994, 1007 (App. 2007) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawaiʻi 490, 504, 100 P.3d 60, 74 (2004)).

Here, DTN alleged that it "relied to its detriment on the promise of a new lease and the ability to sell its practice shell" and that DTN's "actions . . . in having left its FF & E in **Suite 703** [the leased premises] by conditionally selling it to Liliha Dental have conferred a benefit on [Wong and LPB]."  At the November 6, 2019 MSJ hearing, however, DTN conceded that when it vacated Suite 703, "it relinquished the FF&E as part of the sale to Liliha Dental[,]" and DTN "has not owned [the FF&E] since the moment it left the premises on November 10, 2017[.]"  Based on this concession, the Circuit Court granted LPB's MSJ as to DTN's unjust enrichment claim "with respect to the FF&E, because [DTN] did not bestow a benefit on [LPB] and [LPB] has not been enriched at [DTN's] expense[.]"

On appeal, DTN argues that the Circuit Court made an error of law in concluding that DTN did not bestow a benefit on LPB, and that genuine issues of material fact precluded summary judgment on the unjust enrichment claim.  It is undisputed, however, that DTN gave up ownership of the FF&E on November 10, 2017, when it vacated Suite 703.  Therefore, LPB could not have been enriched by the FF&E at DTN's expense.  The Circuit Court did not err in granting summary judgment in favor of LPB on the unjust enrichment claim with respect to the FF&E.

   **3.   Breach of Contract (Count III)**

DTN contends that the Circuit Court erred in granting LPB's MSJ, and in denying DTN's MPSJs, on DTN's breach of

contract claim. DTN argues that there was no genuine issue of material fact that LPB breached the parties' lease (**Lease**) by failing to return DTN's security deposit when it vacated Suite 703 on November 10, 2017.  There is no dispute that LPB returned the full amount of DTN's security deposit on December 10, 2019, after DTN stated on November 6, 2019 (see supra) that it had relinquished the FF&E as part of the sale to Liliha Dental.

DTN relied on Paragraph 2.07 of the Lease, which provides in relevant part:

> At the expiration of the term of this Lease by lapse of time, provided Lessee has paid all of the rent herein called for and fully performed all of the other covenants and conditions on its part agreed to be performed, Lessor shall return to Lessee said deposit less any portion thereof which may have been utilized by Lessor to cure any default or applied to any damages suffered by Lessor.

DTN claimed that it had satisfied its obligations under the Lease, triggering LPB's obligation to return DTN's deposit when it vacated Suite 703.  However, DTN left the FF&E in Suite 703 when it vacated, and the parties initially disputed the ownership of the FF&E and who would be responsible for removing it.[4]

Thus, at the May 12, 2020 hearing of DTN's third MPSJ as to Count III, the Circuit Court concluded that genuine issues of material fact existed "as to claims of ownership and ownership of the FF&E for an extended period[,]" which bore on LPB's alleged obligation under the Lease to return the deposit.  On this record, we cannot conclude that the Circuit Court erred in so ruling.

Subsequently, at the May 20, 2020 hearing of LPB's April 10, 2020 MSJ, the Circuit Court granted summary judgment in favor of LPB on Count III.  The court concluded that the claim

---

[4]      In its Complaint, DTN alleged that LPB "deprived [DTN] of its right to make arrangements to remove and/or otherwise sell" its FF&E and that LPB was unjustly enriched when DTN left its FF&E in Suite 703.  On August 2, 2019, LPB notified DTN that, pursuant to Section 5.07 of the Lease, it intended to dispose of the FF&E that remained in Suite 703, and, alternatively, LPB was willing to allow DTN to reclaim its property in exchange for a compete release of any and all claims related to the FF&E.  In response, DTN informed LPB that DTN "relinquished the FF&E on November 10, 2017 in reliance on conduct and assertions made by . . . Wong and LPB as referenced in the Complaint . . . ."  Nevertheless, at the April 23, 2019 hearing on Wong's MSJ, Nagata's counsel stated that Nagata asserted an ownership claim over the FF&E "from afar."

was moot because LPB had returned the full amount of the security deposit to DTN. DTN asserted that issues remained regarding certain interest, attorneys' fees, and costs that had not been paid by LPB. Importantly, however, DTN agreed that these were issues for the Court to resolve, and not a jury. The Court thus ruled: "Given [DTN]'s unequivocal abandonment of any claim to own the FF&E, as well as [LPB's] return of the security deposit after [DTN's] abandonment of the FF&E, all claims arising from [LPB's] initial retention of the security deposit are moot for trial purposes." On this record, we cannot conclude that the Circuit Court erred in so ruling.

### 4. Breach of Implied Covenant (Count IV)

DTN contends that the Circuit Court erred in granting summary judgment in favor of LPB on DTN's claim for breach of the implied covenant of good faith and fair dealing. DTN argues that "applying mootness to [this claim] was an error of law." (Formatting altered.) DTN also argues that Count IV alleged not only that LPB failed to return its security deposit, but also that DTN was prevented from receiving the purchase price for its FF&E from Liliha Dental as a result of LPB's wrongful actions.

In granting LPB's MSJ on Count IV, the Circuit Court concluded, based on the reasoning also applied to Count III (see supra), that "all claims arising from [LPB's] initial retention of the security deposit are moot for trial purposes." The court further ruled that "[a]s for any claims in [C]ounts 3 and 4 based on the implied duty of good faith and fair dealing, beyond claims based on the security deposit, [DTN] has provided no evidence of wrongful conduct to support those."

As to the security deposit, which was eventually returned (see supra), DTN argues again that issues remained regarding interest, attorneys' fees, and costs that had not been paid by LPB. But at the hearing of LPB's MSJ, DTN agreed that these were issues for the Court to resolve, and not a jury. See supra. The Circuit Court therefore did not err in ruling that Count IV, to the extent based on LPB's initial retention of the security deposit, was moot for trial purposes.

Further, on this record, the court did not err in granting summary judgment in LPB's favor on Count IV as to the FF&E. "[E]very contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." Best Place, Inc. v. Penn America Ins. Co., 82 Hawaiʻi 120, 123-24, 920 P.2d 334, 337-38 (1996) (citing cases in other jurisdictions). Accordingly, "parties to a contract have a duty of good faith and fair dealing in performing contractual obligations." Id. at 124, 920 P.2d at 338 (emphasis added) (citing Hawaiʻi Leasing v. Klein, 5 Haw. App. 450, 456, 698 P.2d 309, 313 (1985)).

Here, DTN provided no evidence of wrongful conduct by LPB in performing its contractual obligations under the Lease. The Lease itself imposed no obligation on LPB to facilitate the sale of DTN's practice or to agree to a new lease with Liliha Dental. DTN points to no evidence in the record supporting a claim that LPB acted in bad faith in performing its lease obligations with respect to the FF&E. The Circuit Court did not err in so ruling.

**5.    Detrimental Reliance/Promissory Estoppel (Count V)**

DTN contends that the Circuit Court erred in granting summary judgment in favor of LPB on DTN's promissory estoppel claim, where "there [were] genuine issues of material fact and an error of law . . . ." Relatedly, DTN argues that "there was a promise or a manifestation of intent [by LPB] to lease Suite 703 to a buyer of DTN's FF&E following extended negotiations and communication" and that DTN reasonably relied on that promise.

DTN does not identify where in the record that LPB or Wong promised DTN that LPB would enter into a lease with Liliha Dental. See HRAP Rule 28(b)(4), (7). Rather DTN improperly "incorporates by reference its analysis of material facts as laid out in its September 26, 2019 MPSJ as to Count V . . . ." We disregard this point of error. See Kapiolani Com. Ctr. v. A&S P'ship, 68 Haw. 580, 584, 723 P.2d 181, 184-85 (1986) (disregarding arguments made to trial court incorporated by reference in appellate brief); Liu v. Sou, No. CAAP-20-0000257,

2024 WL 3949837, at *5 (Haw. App. Aug. 27, 2024) (SDO) (same).

**B.    DTN's Claims Against Wong (Point of Error 2)**

In its second point of error, DTN contends that the Circuit Court erred in granting Wong's April 4, 2019 MSJ "by failing to apply the proper standard set by the Hawaiʻi Supreme Court for IIPEA."  The argument section of DTN's opening brief does not specify what "proper standard" the Circuit Court failed to apply.  See HRAP Rule 28(b)(7).

The Circuit Court's May 10, 2019 order granting Wong's MSJ does not specify the basis for the court's ruling.  "We may affirm summary judgments on any grounds in the record, including those upon which the circuit court did not rely."  Saplan v. U.S. Bank Nat'l Ass'n as Tr. for BAFC 2007-A, 154 Hawaiʻi 181, 186, 549 P.3d 266, 271 (2024) (quoting Reyes v. Kuboyama, 76 Hawaiʻi 137, 140, 870 P.2d 1281, 1284 (1994)).

Here, as discussed above, the Bill of Sale was an existing contract, and DTN presented no evidence of any other prospective advantage or expectancy in relation to Liliha Dental that had a reasonable probability of maturing into a future economic benefit to DTN.  Accordingly, the Circuit Court did not err in granting summary judgment in favor of Wong on the IIPEA claim.

**C.    Procedural and Discovery Issues (Points of Error 1 and 6)**
**1.    DTN's Motion to Amend the Complaint**

In its first point of error, DTN contends that the Circuit Court abused its discretion in denying DTN's April 1, 2019 motion for leave to amend the Complaint "when there was no stated reason for denying the motion."

Under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 15(a), leave to amend pleadings "shall be freely given . . . when justice so requires," in the absence of any apparent or declared reason, such as undue delay, bad faith, prejudice to the opposing party, or futility of amendment.  See Dejetley v. Kahoʻohalahala, 122 Hawaiʻi 251, 269-70, 226 P.3d 421, 439-40 (2010) (internal quotation marks omitted) (quoting Hirasa v. Burtner, 68 Haw. 22, 26, 702 P.2d 22, 775 (1985); Foman v. Davis, 371 U.S. 178, 182

(1962)).

Here, DTN filed its motion to amend the Complaint on April 1, 2019, seeking to add as an additional defendant Darryl Wong, as Trustee of the Darryl and Mariko Wong Trust (**Wong as Trustee**). The proposed allegations against Wong as Trustee were substantially similar to the allegations against Wong personally. Wong thus argued in opposition to the motion that if Wong's pending MSJ was granted, then the proposed amendments to the Complaint would be futile.

On May 10, 2019, the Circuit Court entered the order granting Wong's MSJ. A minute later, the court entered the order denying DTN's motion to amend. Given the basis of Wong's opposition, the timing of the entry of the two orders makes apparent the reason for denial of the motion to amend – futility. On this record, we conclude that the Circuit Court did not abuse its discretion in denying the motion to amend.

### 2. DTN's Motions to Compel LPB's Financial Documents

In its sixth point of error, DTN appears to contend that the Circuit Court erred in denying DTN's November 27, 2019 and March 31, 2020 motions to compel production of LPB's financial net worth documents "where DTN presented a *prima facie* case for punitive damages." More specifically, DTN argues that it established "a *prima facie* case for an IIPEA claim" and thus for punitive damages.

On this record, we conclude that DTN did not establish a *prima facie* case for each element of its IIPEA claim. See supra. Accordingly, the Circuit Court did not abuse its discretion in denying the identified motions to compel.

### D. Attorneys' Fees and Costs (Points of Error 3 and 8)

In its third point of error, DTN contends that "[i]f Wong's MSJ is reversed, then Wong's [m]otion for [a]ttorney[s'] [f]ees and [c]osts filed May 24, 2019 must be reversed as Wong will not be the prevailing party."

We concluded above that the Circuit Court did not err in granting summary judgment in favor of Wong on the IIPEA claim. As the order granting Wong's MSJ has not been "reversed," DTN's

third point of error has no merit.

In its eight point of error, DTN contends that "[i]f LPB's MSJs . . . are reversed, then LPB's [June 17, 2020 m]otion for [a]ttorneys' [f]ees and [c]osts must be reversed as LPB will not be the prevailing party."

We concluded above that the Circuit Court did not err in granting summary judgment in favor of LPB on Counts I through V of the Complaint.  As the orders granting LPB's MSJs have not been "reversed," DTN's eighth point of error has no merit.

### E.    Nagata's Cross-Appeal

Nagata contends that the Circuit Court abused its discretion in denying his September 2, 2020 motion for attorneys' fees and costs, in which Nagata sought fees and costs as the "prevailing party on LPB's Counterclaims."[5]  Nagata argues that he was the prevailing party where his motion for summary judgment was granted on three of the counterclaims, and the remaining counterclaim was dismissed by LPB with prejudice by stipulation.

In its counterclaim, LPB essentially alleged that Nagata either improperly left his FF&E in Suite 703 and was thus liable for holdover rent and other damages, or he abandoned the FF&E such that he no longer owned it and LPB could claim ownership over the property.  This was the disputed main issue in the counterclaim.  The parties initially disputed the ownership of the FF&E and who would be responsible for removing it.  However, at the November 16, 2019 MSJ hearing, DTN, when specifically questioned by the Circuit Court, conceded that it had not owned the FF&E since vacating Suite 703 on November 10, 2017.  See supra.  The court then ruled that LPB was not liable to DTN for unjust enrichment by virtue of LPB's possession of the FF&E.  Thus, through the course of the litigation, Nagata modified his position by ceasing to assert that DTN owned the FF&E, which effectively provided the relief LPB sought on the disputed main issue of its counterclaim.

---

[5]    While LPB's claim against Nagata, individually, has been characterized as a "counterclaim" or "counterclaims" in the pleadings below and the briefs on appeal, it is more accurately referred to as a third-party claim.

On this record, we conclude that the Circuit Court did not abuse its discretion in denying Nagata's September 2, 2020 motion for attorneys' fees and costs.

## II.  Conclusion

For the reasons discussed above, we affirm the "Final Judgment" and the "Order Denying Counterclaim Defendant Dennis Tsugio Nagata's Motion for Award of Attorneys' Fees and Costs Filed September 2, 2020," both entered on December 2, 2021, by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, April 25, 2025.


On the briefs:

Dennis W. King,
Monika M. Wurlitzer, and
Yun W. Kim
(Deeley King Pang & Van Etten)
for Plaintiff/Counterclaim
Defendant-Appellant/Cross-
Appellee Dennis Tsugio Nagata,
D.D.S., Inc., and Counterclaim
Defendant-Appellee/Cross-
Appellant Dennis Tsugio
Nagata.

Michael C. Carroll and
Sharon Paris
(Lung Rose Voss & Wagnild)
for Defendant/Third-Party
Plaintiff/Counterclaim
Plaintiff-Appellee/Cross-
Appellee Liliha Professional
Building, LLC.

David W.H. Chee and
Christine S. Prepose-Kamihara
for Defendant/Third-Party
Plaintiff-Appellee/Cross-
Appellee Darryl Wong

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge